## MOORE *v.* THE MAYOR &c. of Shreveport.

The corporation of a town cannot be made liable for damage to an individual occasioned by an obstruction in the street, where the injury might have been avoided by ordinary care on the part of the plaintiff. *Per Curiam:* We are not to be considered as recognizing, under our legislation, the right of action of an individual in any case, against a town corporation for damages in consequence of accidents occasioned by the condition of roads, streets, or highways.

APPEAL from the District Court of Caddo, *Taylor*, J. *R. Jones* and *Spofford*, for the plaintiff, cited 5 La. 463. 11 La. 86. 15 La. 171. *R. N. Wood*, for the appellants, contended that the injury sustained by the plaintiff might have been avoided by ordinary care on his part, citing 2 Starkie, 536. 11 East. 60. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action instituted by the plaintiff, to recover from the corporation of the town of Shreveport, in the parish of Caddo, the sum of $2,000, damages for injury sustained by a fall in the street of the town, alleged to be caused by an obstruction placed therein by the defendants, and by the general bad condition of the same. There was a verdict for the plaintiff for $300, and judgment accordingly. After an ineffectual attempt to obtain a new trial, the defendants have appealed.

After the argument of this case was closed, the court directed the attention of counsel to the question, whether an action of this character could be maintained against a municipal corporation, under our laws. We had doubts whether those corporations were responsible, and corporators could be taxed to indemnify individuals against accidents occasioned by the condition of roads, streets, and highways.

No authority has been adduced, and we are not aware of any precedent in our jurisprudence, for such an action. We have not an opportunity at present to examine the subject as its importance requires, still less to lay down and define the cases and limitations in which the action could in any event be maintained, under our legislation, nor must we be considered as recognizing the right

MOORE
*v.*
SHREVEPORT.

of action of the plaintiff against the corporation. Our impression is that, in the english and american cases in which this action is sustained, the remedy against corporations has been given by statute. See the opinion of Lord Kenyon in the case of *Rupet and others* v. *The Men of Devon*, 2 Durnford and East, 672; and *Mower* v. *The Inhabitants of Leicester*, 9 Mass. 248.

It does not become necessary, however, to decide this point, in as much as we are of opinion that the accident resulted from a want of ordinary care on the part of the plaintiff. The obstruction complained of was in the business part of the town, and had been permitted to remain for some time. The plaintiff was a clerk in a store, and resided there; and, with ordinary caution on his part, the injury would have been avoided. The evidence, we think, conclusive, as to that fact.

In an action against a town upon the statute, for damage to plaintiffs' stage coach occasioned by the condition of a highway, it was held that the burthen of proof was on the plaintiff, to show that he was free from negligence, that is, using due care and skill. *Adams* v. *The Inhabitants of Carlisle*, 21 Pickering, 147. See *Lane* v. *Crombie*, 12 Pickering, 177.

On the merits, we think, the case is clearly with the defendants.

The judgment of the District Court is, therefore, reversed, and judgment rendered for the defendants, with costs in both courts. .