## No. 6729.

### CITY OF NEW ORLEANS VS. D. C. LABATT.

City Ordinances, differently from Acts of the Legislature, must be proved, as they cannot be judicially taken notice of.

The issue between the parties being the constitutionality and legality of the City Ordinance imposing a license-tax upon Attorneys-at-law, and there being no evidence of the Ordinance in the Record, the Appeal must be dismissed.

APPEAL from the First Justice's Court, parish of Orleans. *Childress,* J.

*Saml. P. Blanc,* Assistant City Attorney, for Plaintiff and Appellee.

*D. C. Labatt, pa. pa.*

The opinion of the Court was delivered by

POCHÉ, J. Defendant is appellant from a judgment condemning him to pay a city license of twenty-five dollars on his profession of attorney at law for the year 1877.

For answer, he alleges the illegality and unconstitutionality of the license claimed.

The record contains no copy or mention of the ordinance levying such a license against attorneys at law; and it is a well-settled rule of jurisprudence that courts cannot take judicial cognizance of city ordinances, which are not promulgated like State laws, and the existence of which, in tenor and effect, must be alleged and proved.

The transcript shows that defendant was absent on the day of trial, and that after hearing evidence, judgment was rendered against defendant; and we must presume that the judgment was rendered on sufficient evidence. Our jurisdiction, however, in such a case can attach only on the issue raised by the contestation of the legality or constitutionality of the license levied and sought to be enforced.

This issue can only be tried by considering the ordinance which levies the license or tax, and the ordinance having not been brought before us or proved, we are debarred from a consideration of the issue thus presented, and have, therefore, no jurisdiction of the case. It is incumbent on appellant to have seen that the transcript contains all the elements or documents which are essential to vest jurisdiction in this Court.

It is, therefore, ordered that this appeal be dismissed at appellant's costs.

Rehearing refused.