### No. 8833.

### The City of Baton Rouge vs. C. Cremonini.

Where the transcript does not contain the ordinance or resolution of the town council, under which the appellant was fined, or information of any kind of the terms and scope of the ordinance, the fault is imputed to the appellant, and his appeal will be dismissed.

APPEAL from the Mayor's Court, City of Baton Rouge. *Charrotte,* J.

City of Baton Rouge vs. Cremonini.

*C. C. Bird*, City Attorney, for Plaintiff and Appellee.

*Cross & Jones* for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.   The defendant seeks a reversal of a judgment of the mayor of the town of Baton Rouge, inflicting a fine of twenty-five dollars on him, and in default of payment sentencing him to jail for fifteen days.

We have no means of ascertaining whether this sentence was rightly or wrongfully inflicted.   The offence is said in the briefs to have been a violation of an ordinance or resolution of the town council, but the ordinance or resolution is not before us, and indeed there is nothing in the record but the name and number of the case, the name of the offence, the reasons for judgment, the judgment, the appeal bond, and order of appeal in obedience to our mandamus.   New Orleans vs. Labatt, 33 Ann. 107.

We do not expect or require that transcripts of appeal from mayors' courts shall be made with the particularity and fullness requisite in courts of record, but obviously we must know the ordinance, for the violation of which punishment has been inflicted.   The recital of the mayor is that a petition of citizens was adopted, by which he means that something else was done than to receive the petition, and that what they asked to be prohibited was prohibited in some way.   The defendant confidently expects a reversal of the judgment, and quotes the language of this Court stigmatizing what he says was a similar prohibition as "an imperial rescript."   Municipality vs. Blineau, 3 Ann. 688.

The necessity for an inspection of the ordinance is thus made apparent.   We do not know whether the prohibition is general or special, whether it established a uniform rule for all who were doing what is charged against the defendant, or was an exercise of arbitrary power upon a single person.   Shreveport vs. M'Cune, decided at Monroe, unreported.

It was the appellant's duty to have brought up a transcript, sufficient at least to have enabled us to ascertain if he had been illegally punished, and as he has not done so,

The appeal is dismissed.

Rehearing refused.