The opinion of the court was delivered by
MüEnery, J.
The plaintiff’s wife was injured on the banquette in front of defendant’s house, in'the city of New Orleans, while passing in front of the same. It is alleged that the injury was in consequence of the defendant having neglected to repair the banquette. It is not alleged that the injury resulted from any obstacles placed on the banquette by defendant. There was judgment for defendant, rejecting plaintiff’s demand. The plaintiff appealed.
*1116 Section 36 of the charter of the city of New Orleans provides “ that all paved banquettes in the city of New Orleans shall be kept in repair by the owners of the real property fronting thereon,” and Sec. 8 of the same says the “ City Council shall have power to compel the owners of property or tenants to keep their sidewalks in front of such property clean and in repair.”
Act 114 of 1886 authorized the City Council to establish a uniform grade for the banquettes in the city. When the City Council in its discretion deems it necessary to alter the grade od any street it is made the duty of the City Surveyor 1 ‘ to give the grade and make it known,” upon which the proper notices shall be issued by the Commissioner of Public Works to owners of property-or their agents to conform to the newly established grade within ten days after the service of the notice. In default of the owner doing the required grading after the proper notice it is made the duty of the Comptroller of the City to have the work done at the request of the commissioner, at the expense of the owner. A certificate for the cost of the work is recorded, which becomes a lien on the property, with six per cent, interest per annum.
■ We are asked by plaintiff’s counsel in default of judgment in his favor, to remand the case to correct certain alleged errors of the District Judge in his ruling in reference to the scope and meaning of Act 114 of 1886.
It will be unnecessary to remand the case, for the reason that conceding all that the plaintiff asks in reference to said rulings, we da not think he is entitled to a judgment. Conceding that the defendant had failed to make repairs to the banquette, and that the-Council had ordered the banquette raised or lowered on the street, on which defendant owned the property, and that he had been served with proper notice and had failed to comply with the same, still only a public duty would have been imposed upon him, the neglect to perform which could not render him liable to an individual who had been injured on the sidewalk or banquette in consequence of the failure to repair it, or to raise or lower it in conformity to the established grade. Dillon on Municip. Corps., Sec. 1028.
In the case of Taylor vs. Lake Shore & Michigan Southern Railway, 45 Mich. 74, the Council of the city of Monroe had full and complete power over the streets, and the Legislature had granted to said city in its charter the power to compel owners and *1117 occupants of property to repair the banquettes in front of same, and to keep them free from obstructions, and snow and ice.
The plaintiff in that case sued the defendant for an injury suffered by her in consequence of slipping and falling upon the ice which had formed on the sidewalk in front of premises occupied by defendant, who had failed to remove it in accordance with the city ordinance.
Judge Cooley, the organ of the court, held: “ An ordinance requiring all persons to keep their sidewalks free from ice imposes a purely public duty, and persons injured by slipping on the ice can not bring private action against the owner of the premises.” The syllabus of the ease is brief, and is as follows: “ Private actions do not lie for breach of public duty.”
In the case of City of Hartford vs. Talcott, 48 Conn. 525, the action was by the city against the defendant to recover the amount of a judgment against plaintiff for damages for an injury, caused by ice upon a sidewalk in front of his premises.
The city had been held liable because of the duty imposed upon it to keep the sidewalks in repair and free from obstructions. The City Council of Hartford had passed an ordinance requiring every owner or occupant of a building or lot bordering upon a street with paved or graded sidewalk, to remove from the walks all snow and ice within a certain time, and imposed a penalty for the non-performance of the public duty. The ordinance was passed in conformity to a general law of the State, which placed upon municipal corporations the burden of keeping the highways in their respective limits, in a reasonably safe condition.
The court held that there was no grant of power to the City Council to change the general law and transfer the responsibility for injuries resulting from defects in the way from the public to an individual who is not directly responsible for their existence.
And we can find no such power, to transfer responsibility in the charter of the city of New Orleans or in Act 11.4 of 1886. The charter and Act 114, only authorized the enactment of an ordinance requiring each proprietor fronting on a street to assist the city in keeping the banquette in repair and to keep it to a certain grade.
And such seems to be the intent of the Legislature in relation to the city of New Orleans. No penalty is imposed by fine for the non-performance of the public duty imposed. The work is to be done at the expense of the owner, if he fails to do it, with an additional burden *1118 of six per cent, interest. By this legislation the city is not relieved from responsibility. It is still its duty to do the work, and as it has no authority to shift the responsibility for failure to do it, it remains answerable for injuries resulting from negligence of the owner, or its own omission to act.
It is claimed by plaintiff that under Sec. 36 of the city charter, quoted above, that the obligation to keep the banquette in repair imposed a duty upon the owner of the lot in favor of all persons who use them, and that the neglect to keep them in repair, in consequence of which any one lawfully using the banquette is injured, renders the owner liable to him in damages. But the duty imposed was not for the benefit of individuals or a particular class of individuals. The duty was to the whole public of the city, to all its inhabitants, who own the banquettes and streets in common. The neglect to repair the banquettes was such a breach of public duty that its punishment must be ins ome form of public prosecution, and not by a suit for damages by an individual. 45 Mich. 74. There are certain burdens imposed upon the individual members of a community for the benefit of a particular individual or class of individuals which, for a violation of the duty, imposed, may give rise to an individual right of action as well as a public prosecution. 16. Such actions generally spring from franchises granted by the State or some subordinate political corporation, to be used for the benefit of the individual members of the community, or from the performance of a public duty by an official for the benefit of a particular individual.
The distinction between the duty imposed as due to the whole community collectively, and that due to individuals, is readily distinguished by the nature of the obligation.
Judgment affirmed.
Rehearing refused.