NIOHOLLS, J.
The plaintiff alleged that defendant owed her $5,000 in damages', with legal interest from date of judgment, for this: That defendant owned, on and before December 13, 1906, the real property in this city, corner of Laurel and Arabella streets, in the square bounded by the streets named Nashville avenue and Annunciation street; that, prior to the 'date mentioned, defendant laid a wooden gutter or drain, uncovered, from his said property across the public sidewalk on Arabella street to the public gutter on said street, and this for the .purpose of draining his property; that said private drain or gutter was built of wood, weatherworn and stained, and inconspicuous, with its sides, however, extending above the level of the bricks sufficiently to catch the feet of passing pedestrains and constituting a dangerous trap; that said drain was so placed by defendant contrary to law and to the ordinances of this city of New Orleans, particularly Flynn’s Digest, § 342; that as, on the date above mentioned, petitioner was walking along the Arabella front of defendant’s aforesaid property, upon the public sidewalk or banquette, her foot was caught upon or by one of the sides of defendant’s private gutter or drain aforesaid, and she was tripped and thrown violently to the ground, and injured seriously, striking upon the bricks with both her knees, and with both of her hands and her arms, very badly bruising and injuring her knees, particularly the left one; that as a consequence of her injuries petitioner was confined to her bed during two months, suffering intense pihysical and mental pain; that after leaving her bed she continued to suffer for some time great pain as the result of said injury, and was still suffering and inconvenienced, and expects to continue so suffering for some time in the future, how long she is unable now to say; that she has, as a result of said injury, been put to expense in physician’s bill, drugs, etc., in the sum of, say, $100.
That the laying of the said private drain or gutter by defendant across the banquette or sidewalk aforesaid in the manner stated was a gross and willful negligence on the part of defendant, and an illegal act, rendering him liable to petitioner for the damages, actual and punitory, occasioned her by her fall aforesaid, in the full sum of $5,000 — ■ $4,000 for .physical and mental suffering, $100 for expenses incurred, and $900 for punitory damages; and it was further alleged that petitioner was not herself negligent. She prayed that defendant be cited, and that he be condemned to pay his $5,000 and interest as damages.
Defendant excepted that the petition disclosed no cause of action. The exception was overruled.
Defendant, under reservation of the exception, answered. Further answering, he averred that he was in no way liable to plaintiff. He denied that he placed any obstruction on said sidewalk, or that the same was dangerously out of repair, or dangerously defective, or that he was in duty bound to any individual by cause of the condition of said banquette. He alleged that said sidewalk *777 was, at the date of the alleged accident, in no worse condition than it had been for a very long time previous to his acquiring the ownership of the abutting property, and alleged that if the plaintiff suffered any damages at all, which he denied, it was the immediate consequence of her own carelessness and negligence; that she was not entitled to recovery or compensation thereof specially from defendant; that, should there be any liability attached by cause of the condition of said walk, which was denied, such liability was on the part of the city, and not on respondent. He prayed that there be judgment herein in his favor and against plaintiff, together with all costs, and for all general and special relief.
The district court rendered judgment in favor of the defendant, and plaintiff has appealed.
The district judge accompanied the judgment with the following written opinion:
“When the exception of no cause of action was overruled, it was because of the allegation that defendant had himself built the drain across the sidewalk, and had done so negligently, and the theory upon which this suit was filed and the petition sustained by the court was that whoever places an obstruction upon a public highway is liable for the damages occasioned thereby. But the proof does not sustain the allegation; on the contrary, it is shown that the gutter was in the same condition at the time defendant bought the property as it was when plaintiff was injured.
“Hence defendant is liable, if at all, only on account of his failure to keep the sidewalk in front of his premises in good condition. But there is no public law of this state which obliges the owner of a lot in an incorporated city to keep in repair any part of the public street in front of his property. There may, perhaps, be city ordinances to that effect (Act No. 45, _p. 54, of 1896, § 15, Ño. 6); but no such ordinance has been introduced in evidence. There will therefore be judgment for defendant.”
Plaintiff’s charge that defendant illegally and unlawfully placed an obstruction on the sidewalk upon Arabella street, by making or placing across said sidewalk a drain in which was inserted a wooden gutter so made and placed as to subject the passers on the street to bodily harm, is not borne out by the record. The evidence shows that the drain and wooden gutter were placed through and across the sidewalk before defendant purchased the property, by some former owner of the same. The accident occurred to plaintiff at 9 o’clock in the morning. She had lived in the immediate neighborhood for a long while, and passed and used the sidewalk in the condition in which it was at the time of the accident almost daily, and must have known the precise situation. Neither she nor any one else had ■ complained of it to the tenant or the owner of the property, nor notified the one or the other to remove or repair it. Drains across the sidewalks of the-city, for the purpose of carrying off surface water from the lots abutting upon the same, or draining them, have existed for many years and have been recognized as a well-known necessity. Tissot v. Telegraph Company, 39 La. Ann. 1001, 3 South. 261, 4 Am. St. Rep. 248. Some of these drains have been covered, and many uncovered. In view of that condition and situation, it is incumbent upon passengers upon the streets to use ordinary care, at least, in guarding against the existence and danger of such gutters and drains. Tatje v. Frawley, 52 La. Ann. 884, 27 South. 339; Peetz v. Railroad Co., 42 La. Ann. 546, 7 South. 688; Moore v. Shreveport, 3 La. Ann. 645; Koch v. Village of Edgewater, 14 Hun, 544, 546.
If this case were one involving the question as to whether it was the duty of the defendant to have kept the sidewalk in front of his property “in repair,” there would be no evidence in the record going to show that such duty had in fact been imposed upon him by law. No ordinance to that effect was introduced in evidence. We do not take judicial notice of city ordinances. City v. Cremonini, 35 La. Ann. 366; City v. Labatt, 33 La. Ann. 107. We are not called on to decide what the rights and obligations of the par *779 ties would have been, had such an ordinance been shown to have been adopted. Betz v. Limingi, 46 La. Ann. 1113, 15 South. 385, 49 Am. St. Rep. 344.
The judgment appealed from is in our opinion correct, and it is hereby affirmed.