No. 1108

First Circuit

---

VARNADO v. CITY OF BATON ROUGE ET AL.

---

(Decembeer 7, 1926. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Municipalities—Par. 267; Pleading—Par. 62.

Petition for damages against the city for a fall on a sidewalk which does not allege that the sidewalk was not reasonably safe for a person walking with care and prudence, does not state a cause of action and an exception no cause of action will be sustained.

2. Louisiana Digest—Municipalities—Par. 256.

Under the Civil Code Articles Nos. 454, 458 and 482, a sidewalk is a public thing and therefore, one suing for damages caused by a faulty sidewalk, has no right to action against the abutting property owner, even though Act No. 169 of 1898, amended by Act No. 31 of 1904 empowers the city to require the owner to repair the sidewalk.

Appeal from the Nineteenth Judicial District Court of Louisiana, parish of East Baton Rouge. Hon. W. Carruth Jones, Judge.

Action by Mrs. Mary Varnado against city of Baton Rouge, and the abutting proprietor of a sidewalk on account of personal injuries received by a fall, alleged to have been due to a projecting brick and a hole in the sidewalk.

There was judgment for defendant sustaining an exception no cause of action, and dismissing the suit. Plaintiff appealed.

Judgment affirmed.

Herbert W. Kaiser, of New Orleans, and W. G. Randolph, of Baton Rouge, attorneys for plaintiff, appellant.

H. Payne Breazeale and C. C. Bird, of Baton Rouge, attorneys for city of Baton Rouge, defendant, appellee.

Laycock, Baron and Laycock, of Baton Rouge, attorneys for Triad Company, defendant, appellee.

ELLIOTT, J. Mrs. Mary Varnado alleges that while walking in a careful, prudent manner on the brick sidewalk, in the rear of the Triad Building in the city

of Baton Rouge, on April 3, 1925, at about 9 o'clock a. m., she stumbled on a projecting brick in the sidewalk on the north side of Florida street and in a quick effort to catch herself and prevent a fall, one of her feet went into a hole, causing her to be thrown to the sidewalk with considerable force and violence, sustaining serious and permanent injury.

That she in no way contributed to her fall and injury by any act of negligence. That it was the duty of the city of Baton Rouge and of the Triad Company, Inc., owner of the Triad Building to keep said sidewalk in a proper and safe condition for use by pedestrians. That the unsafe and dangerous condition of the sidewalk and the negligent acts and omissions of the city of Baton Rouge and of the Triad Company, Inc., were the sole reason for her injury. That said sidewalk, by reason of loose, ragged and projecting bricks therein, was in a delapidated, unsafe and dangerous condition, filled with low places and holes and appeared to have been in that condition for some time prior to the date of her injury. That she was not warned and there were no warning signs to pedestrians not to use the sidewalk. That prior to her injury she did not know and had no means of knowing that said sidewalk was unsafe and dangerous. That defendants were or should have been informed as to the unsafe and dangerous condition of the same.

She claims of the city of Baton Rouge and the Triad Company, Inc., in solido, $15,000.00 damages on account of her injuries. The defendants excepted to her demand on the ground that her petition disclosed no cause of action, which was sustained and her suit dismissed. The plaintiff appealed.

The Charter of the city of Baton Rouge is Act 169 of 1898, Section 10 (amd. Act 156 of 1906), provides that the Administrator of Improvements, shall have general superintendence over the repair and improvement of streets and sidewalks.

Section 20 (amd. Act 17 of 1924) invests the power to improve sidewalks and to regulate the manner of repairing same * * * in the City Council. The City Council is also given power and authority to compel owners and tenants of abutting property to keep their sidewalks * * * between their property line and the curb, clean and in proper repair.

Section 39 (amd. Act 31 of 1904) provides that all paved and unpaved banquettes shall be kept in repair by the owners of real property fronting thereon. Section 42 (amd. Act 31 of 1904) invests the City Council with power and authority to improve sidewalks and to levy the expense of the improvement on the abutting proprietors; the work to be let out to the lowest bidder, etc. These various provisions of the city charter places the primary power and duty of improving and repairing sidewalks in the City Council. The City Council can by ordinance compel owners of abutting property to repair their sidewalks, or the city can do it or have it done as the council may deem best.

Plaintiff's petition does not allege the height of the projection over which she stumbled, nor that it was concealed and not open to view. Neither does she allege the depth of the hole into which one of her feet went, nor that it was concealed from view. It is common knowledge, that bricks in a brick sidewalk get loose and out of place; that one or more are frequently a little higher or a little lower than the others. The ordinary brick is about 8 inches long, 4 inches wide and 2½ inches thick.

We are not informed by the petition whether a brick was stuck up end ways or was flat in the walk but slightly superimposed above the others; nor whether the hole into which her foot went was made by a brick out of place, or was deeper than that, but it is evident that an ordinary projection like a brick superimposed half its thickness above another and a hole such as would be made by a brick out of its place, should have been observed as things, not unusual in brick sidewalks by a person walking along the sidewalk at 9 o'clock a. m. A person walking prudently does not ordinarily stumble and fall on account of unevenness in brick sidewalks; such as exists when there is nothing more than one brick slightly higher than another, or a brick out of place.

A sidewalk, reasonably safe for persons walking with ordinary care and prudence is all that is required.

Plaintiff's petition does not indicate that this sidewalk was not reasonably safe for a person walking with ordinary care and prudence in the use of the walk; but rather indicates that her stumble and fall was the result of an accident, due to want of ordinary care and prudence on her part as she walked. Goodwin vs. City of Shreveport, 134 ·La. 820, 64 South. 762; and Wiltz vs. City of New Orleans, 2 La. App. 444, were decided on the merits, but have bearing on the exception of no cause of action because the facts acted on by the courts are similar to plaintiff's allegations. The cases are correct expositions of the law on the subject of the liability of a city on account of injuries due to defective sidewalks. It therefore follows that if the condition of the sidewalk in question should be proved to have been as alleged by the plaintiff, she would not then have established her demand.

We are satisfied that no good or useful purpose would be subserved by remanding the case in order that plaintiff may have an opportunity to prove what she has alleged. The city is of course liable for injuries caused by unseen obstructions and holes in sidewalks of such character as to be dangerous and not open to view and avoidance by persons walking prudently and using ordinary care.

The responsibility of the Triad Company, Inc., is claimed in the petition because it is the abutting owner at the place where the injury occurred and of the provisions contained in Section 39 (amd. Act 31 of 1904) of 169 of 1898. This section is to be construed and understood in connection with the other sections of the same act. The Act 169 of 1898, as amended, empowers the City Council by ordinance to require an abutting owner to repair his sidewalk, but the primary governing and responsible authority for failure to repair, if injury is caused on that account, is the city of Baton Rouge. It is not alleged in the petition that the city, by ordinance, required the Triad Company, Inc., to repair the sidewalk in front of its building. An abutting owner is of course liable to a party injured on the sidewalk, by a dangerous obstruction placed on it by him, or a hole made in it by him and left open of such depth that a person walking prudently and with ordinary care, stumbles and falls over the unseen obstruction or gets crippled in the hole of which he was unaware.

An illustration on this subject in Dillon on Municipal Corporations, 4th Ed., vol. 2, sections 1032 ·and 1033, pp. 1308 and 1309, correctly states the law. But even had it been by a municipal ordinance made the duty of the Triad Company, Inc., to repair this sidewalk, if we have correctly held that plaintiff has not alleged a cause

of action against the city, then certainly the same acts of omission and commission can not amount to a cause of action against a private citizen or corporation. Not only the above but a further reason exists why a cause of action is not alleged against this defendant.

A sidewalk is a public thing, Civil Code, Arts. 454, 458, 482. And under plaintiff's allegations the duty of keeping this sidewalk in proper condition, can not be otherwise than a public duty on the part of the city of Baton Rouge.

Betz vs. Limingi, 46 La. Ann. 1113, 15 South. 385; and Burke vs. Tricalli, 124 La. 774, 50 South. 710, cited by defendant are similar cases decided on the merits. As correct expositions of the law on the subject of private liability on account of injuries received by a fall on a sidewalk; they have bearing on plaintiff's allegations against this defendant and as to whether she alleges a cause of action against it.

Even had a cause of action been alleged against the city of Baton Rouge, as it is not alleged that the city required this defendant by ordinance to repair the sidewalk; no duty public or otherwise exists under the law, whereby this defendant can be held responsible for the condition of the sidewalk in question. We are satisfied that no good or useful purpose would be accomplished by the remand of this case in order that plaintiff may offer proof in support of her allegations.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.