HUGHES v. CASTEIX, Appellant

(April 1, 1927.  Opinion and Decree.)

(*Syllabus by the Court*)

1.  **Louisiana Digest—Negligence—Par. 10, 11.**

It is not every defect in a pavement that will entail liability for a fall. It must

be such as is apparently dangerous and calculated to do injury.

Appeal from First City Court.  Hon. W. Alexander Bahns, Judge.

Action by Marguerite Hughes against M. B. Casteix.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

Prowell and McBride, of New Orleans, attorneys for plaintiff, appellee.

Jno. R. Perez and H. G. McMahon, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J.   Plaintiff fell upon the door sill of defendant's premises and was hurt.

She claims damages.

She alleged that the defendant was the owner of a drug store at the corner of Magazine and Thalia streets; that on January 9, 1926, at about 8 p. m., she entered the store to make some purchases and when she attempted to leave through the door opening on Magazine street she stepped into a hole about three inches in diameter located upon the sill of the door with the result that the heel of her shoe became wedged in the hole and she was thrown to the ground; that at the time she attempted to pass the door was closed so that it was not possible for any one in the store to see the hole; that the hole was caused by the rottenness of the material of the sill, and that the defendant knew or should have known of it; that plaintiff's heel and ankle were sprained; that she was taken in a taxicab to a hospital for treatment, and then brought home where she remained in bed two days unable to sleep;

that she was unable to attend to her work for two weeks and five days on account of the pain of her foot; that she was attended by a physician; that she is employed as a saleslady at $15 per week; that she has suffered the following damage:

| | |
|---|---:|
| Bandage for her foot | $   3.00 |
| X-ray picture | 2.00 |
| Taxicab to hospital | 5.00 |
| Loss of wages | 42.50 |
| Mental anguish | 47.50 |
| Physical pain | 200.00 |
| | $300.00 |

The defendant denied the allegations of the petition; denied that the plaintiff had entered his store to make purchases; but on the contrary to use the telephone for her own purposes; that the condition of his premises was the same as had been for some time previously; that plaintiff had every opportunity of seeing its condition.

There was judgment in favor of plaintiff for $200 and defendant has appealed.

On the trial of the case it was admitted that the plaintiff had suffered a sprained ankle at the time of her fall.

The steps upon which the plaintiff tripped and fell are of cement.  It was agreed upon the trial that photograph No. 4, offered in evidence, was "a picture of the hole".

This photograph shows a small portion of cement missing upon the front of the step, of course that could not have been the cause of the accident, as the foot could not have rested, nor have been caught upon the side of the step.  Upon the top of the step there appears only a crack or fissure a few inches long, but no hole, nor evidence of any missing material.  The evidence is that this condition was of long standing, and that the plaintiff had been in the habit

of entering and leaving the store many times a week. The attention of the defendant had never been called to that condition, nor any suggestion made that it was dangerous; no accident had happened prior thereto.

Plaintiff is the only one who testifies that she tripped in that crack of the cement.

No one saw her trip, nor knew what the cause of her falling was.

It is not every defect in a pavement that will entail liability for a fall. It must be such as is apparently dangerous and calculated to do injury. Wiltz vs. City, 2 La. App. 444; Barnes vs. City of New Orleans, 4 La. App. 503; Varnado vs. Baton Rouge, 5 La. App. 238.

The evidence in this case is that the crack in the pavement or chip had existed for some time and had never attracted attention, nor suggested danger, and it is difficult to conceive that the accident happened from the cause alleged by the plaintiff.

It is therefore ordered that the judgment be reversed and set aside, and it is now ordered that plaintiff's demand be rejected at her cost.