## HENRICHS v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.*

### No. 16620.

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

Dresner & Dresner, of New Orleans, for appellant.

Gus A. Llambias, of New Orleans, for appellee Sewerage and Water Board.

E. M. Heath, of New Orleans, for appellee Leon T. Weill.

Alvin R. Christovich, of New Orleans, for New Orleans Public Service, Inc.

McCALEB, Judge.

Mrs. Emelia Henrichs, widow of Edward G. Smith, brought this suit for damages in the sum of $21,960.20 against the New Orleans Public Service, Inc., the Sewerage and Water Board of New Orleans, and Leon T. Weill, claiming that the defendants are liable to her in solido for injuries she received on August 1, 1935, when she fell upon the paved portion of the sidewalk abutting the premises 2400 Milan street in the city of New Orleans. She avers that as a result of her fall she sustained a fracture of the femur of her right leg and that this

* Rehearing refused April 18, 1938.

injury was due to the defective condition of the sidewalk.

The responsibility of the defendant New Orleans Public Service, Inc., is alleged to have been due to the faulty manner in which it made certain excavations at or near the point where the accident occurred. The liability of the Sewerage and Water Board is asserted to rest upon the negligent manner in which it made certain other excavations and replacements at or near the point of the accident. The theory of plaintiff's case against Mr. Weill is that he owns the abutting premises, that, under the law, it is his duty to keep the sidewalk in repair, and that he failed so to do.

In due course, the New Orleans Public Service filed its answer to plaintiff's petition. The Sewerage and Water Board appeared and filed an exception of no right or cause of action. Mr. Weill also filed an exception of no right or cause of action and an exception of misjoinder of parties defendant.

On the trial of the exceptions of the Sewerage and Water Board and Mr. Weill, the district judge, after hearing the arguments, sustained the exception of no cause of action filed by the Sewerage and Water Board and the exception of misjoinder of parties defendant filed by Mr. Weill and dismissed plaintiff's suit at her cost. She has appealed from the adverse judgment.

When the appeal was first assigned for argument in this court, counsel for plaintiff and defendants submitted the matter on the theory that the district judge had maintained the exception of misjoinder of parties defendant and had dismissed plaintiff's suit as to all defendants. After the cause had been taken under advisement, counsel informed us in open court that they had been in error and that subsequent investigation of the record had disclosed that the trial court had maintained the exceptions of no cause of action filed by the Sewerage and Water Board and Mr. Weill. Upon counsels' statement, we continued the case for discussion of the exceptions of no cause of action and, when the matter again came up for hearing, it was argued by all counsel on the theory that these exceptions had been sustained. Since the case has been submitted for decision, our examination of the transcript reveals that the judgment dismissing plaintiff's suit as to the Sewerage and Water Board is upon the maintenance of the latter's exception of no cause of action, whereas the dismissal of the suit as to

Mr. Weill is based upon the maintenance of his exception of misjoinder of parties defendant.

█ At the outset, we address our attention to the position of the New Orleans Public Service, Inc., respecting this appeal. Its counsel frankly tells us, in oral argument, that he does not know whether his client is a party to the appeal or not. He asserts, however, that should we determine that the Public Service is a party appellee and should we be of the opinion that the exception of misjoinder, filed by Mr. Weill, is well founded, then plaintiff's suit should be dismissed as to all defendants. Our interpretation of the trial court's judgment is that it does not concern the New Orleans Public Service. That defendant has not filed exceptions but, on the contrary, it has joined issue with the plaintiff on the merits of her claim by answering the petition. The judgment of the court reads, "that said Exceptions of Sewerage & Water Board and that of Leon T. Weill, be and they are hereby maintained, and, accordingly, plaintiff suit is hereby dismissed, at her cost." It is obvious that this judgment could have reference only to the exceptors and not to the New Orleans Public Service, inasmuch as the case was at issue with respect to the latter at the time the judgment was rendered and signed. It is also manifest that, even though the judgment could be construed as dismissing plaintiff's action as to all defendants, the result would be wrong in view of Dubuisson v. Long et al., 175 La. 564, 143 So. 494, and Aetna Casualty & Surety Co. v. Mrs. Wm. J. Flair, et al., La.App., 177 So. 94.

█ We next consider the exception of no right or cause of action of the Sewerage and Water Board. A reading of plaintiff's petition leaves no doubt in our minds that a case of actionable negligence is stated against this defendant. Plaintiff alleges that the Sewerage and Water Board, some time prior to the occurrence of the accident, installed a manhole under the sidewalk abutting the home of Mr. Weill; that this installation work was done in a defective manner and created a hazard to pedestrians using the sidewalk; and that the injury she received was directly attributable to the concurring negligence of the Sewerage and Water Board and the New Orleans Public Service. The exception of no cause of action of the Sewerage and Water Board is therefore overruled.

We are also of the opinion that the exception of misjoinder of parties defendant, filed by Mr. Weill, was improperly maintained. The plaintiff has sued for the damages she sustained as a result of injuries received when she fell upon the defective sidewalk. She alleges that the proximate cause of the accident was the combined and concurring negligence of the three defendants. Manifestly, the joinder of these defendants as tort-feasors in one suit is not only permissible but is favored in an avoidance of a multiplicity of actions. There is a community of interest between them in defeating plaintiff's claim, and the ends of justice are better served by having the case adjudicated as to all parties in interest at one time and by one judgment.

In truth, counsel for the defendant Weill objects to the joinder solely upon the ground that plaintiff's petition does not set forth a right or cause of action as to his client. We are not at liberty to determine on this appeal whether a right or cause of action is stated against Weill, inasmuch as the judge did not pass upon that exception but, on the contrary, considered and maintained only Weill's exception of misjoinder of parties defendant. It was suggested (when this case was first argued here on the exception of misjoinder) that, if a petition fails to show a cause of action against one of the defendants to the suit, that defendant is obviously misjoined. This contention is not technically sound, and its maintenance would result in a confusion of the functions of the exception of misjoinder and the exception of no cause of action. The former is leveled against plaintiff's lack of right to compel one defendant to litigate the controversy in the same suit with another defendant where there does not exist a community of interest between all with respect to the subject matter—whereas, the latter addresses itself solely to the insufficiency of plaintiff's petition in law as to the exceptor. Strictly speaking, the exception of misjoinder does not question the plaintiff's asserted cause or right but only seeks to restrain his pursuit of the cause when there is present another party whose liabilities or rights are not connected with the exceptor.

As we have above pointed out, this case was argued by counsel for plaintiff and counsel for Mr. Weill under the misapprehension that the exception of no right or cause of action had been maintained in the lower court. Since we find that that exception has not been passed upon by the trial judge and forasmuch as we believe that the exception of misjoinder of parties defendant is without merit, the case will be remanded for further proceedings.

For the reasons assigned, the judgment appealed from is reversed, and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Defendants Sewerage and Water Board of New Orleans and Leon T. Weill to pay the costs of this appeal; other costs to await final determination of the case.

Reversed and remanded.