## McGURK v. CITY OF SHREVEPORT et al.
### No. 5985.

Court of Appeal of Louisiana.
Second Circuit.

June 28, 1939.

Rehearing Denied July 17, 1939.

J. F. Phillips, of Shreveport, for appellant.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee Compere.

HAMITER, Judge.

Plaintiff instituted this suit to recover damages for personal injuries allegedly sustained by her through a fall while walking along a sidewalk.

In her original petition, in which only the City of Shreveport is impleaded as defendant, she avers that, " * * * on or about the afternoon of the 21st day of April, 1938, she was walking along the sidewalk on the southerly side of the 1000 block of the Highland Avenue, in the City of Shreveport when she stumbled and fell due to a slope and/or depression in the sidewalk of approximately a 40-degree angle, the angle sloping from her and in the direction in which she was walking."

A supplemental petition was later filed in which the following additional allegations are made:

"That the slope and depression and defect in the said sidewalk was directly in front of the intersection of the westerly 40 feet of Lots Fifteen and Sixteen (15–16) of Block Eighteen (18) of the J. N. Howell Subdivision of the City of Shreveport, which premises was at the time hereinabove set forth and is now owned by Wesley E. Compere, whose residence, to the best of petitioner's knowledge and belief is located in the City of Los Angeles, California, and petitioner upon such information and belief so alleges.

"Petitioner now shows that the sidewalk as aforesaid was laid without permit from the proper officials of the City of Shreveport and without having been furnished any grade or profile by the officials of said City,

and was therefore laid in direct violation of the said City, and was maintained by said Wesley E. Compere during his ownership of said property in such condition which was negligence on his part, and for which he is liable to petitioner for all of the injuries and damages sustained by her on account of her said fall aforesaid.

"That all of the said injuries and damages aforesaid were caused by and were the direct and proximate result of her fall upon this defective sidewalk, and that the said Wesley E. Compere, by his allowing the said sidewalk to remain and continue in such condition is liable in solido with the City of Shreveport, Louisiana, for all the damages she has sustained and for all of the pain and suffering and expenses sustained by her and which she will suffer and undergo throughout the remainder of her natural life."

Judgment is asked in said supplemental petition against the City of Shreveport and Wesley E. Compere, in solido.

Jurisdiction as to the latter, a nonresident of this state, was obtained through a resort to the writ of attachment.

After an exception of vagueness had been tendered by defendant Compere, plaintiff further amended her petition by alleging:

"That the defect alleged by plaintiff in her former petitions is that there was a super elevation in the sidewalk in front of the beauty shop mentioned in her former petitions; and a slope in the sidewalk, the slope being towards Marshall street and beginning at the door of the beauty shop; the slope being steeper at the wall of the building and gradually extending to the curb line of the sidewalk and at a slope of a lesser degree; plaintiff being unable to furnish exact measurements of same. Further, plaintiff does not allege there was any hole in the sidewalk.

"Plaintiff does not know when, by whom, or under whose authority, nor upon whose property, the sidewalk was laid; and, further, defendant Compere and the officials of the City of Shreveport are or should be better qualified to furnish said information than plaintiff."

Subsequently, the said Compere filed exceptions of no cause and no right of action and a motion to dissolve the writ of attachment. In the last mentioned pleading it is asserted that the writ of attachment issued illegally for the reason the petitions do not disclose a cause or right of action;

and mover asks that damages be awarded because of the alleged wrongful issuance.

The trial court sustained the exception of no cause of action and the motion to dissolve the writ of attachment. It decreed that the suit be dismissed and that defendant have judgment against plaintiff for the sum of $100 as damages for attorney's fees.

This appeal was prosecuted by plaintiff.

A remittitur has been entered as to the damages awarded for attorney's fees, and the motion to dissolve the writ of attachment has passed from the case. Furthermore, the controversy presently concerns only plaintiff and defendant Compere. The demands as against the City of Shreveport are not before us for consideration. The question to determine on this appeal is whether or not the petitions disclose a cause of action against defendant Compere.

The complaint made against appellee, as the aforequoted allegations show, is that he, as an abutting property owner, maintained the sidewalk in question in a defective condition in that it possessed an unusual slope or depression. In other words, the charge is that he failed to keep it in a safe state of repair. Plaintiff does not allege that he constructed the walk, or that some obstruction was placed thereon by him which was responsible for the mishap.

In support of the contended sufficiency of the allegations of the petitions, plaintiff's counsel relies on and calls our attention to the provisions of Section 16 of Act No. 158 of 1898, as amended, Act No. 176, of 1936, which act provides the charter for the City of Shreveport, reading as follows:

"That whenever it shall become necessary to repair or rebuild a sidewalk, banquette or other walk in said City, or to construct or reconstruct a sidewalk or banquette on the proper grade as based on the existing street level, the governing authorities thereof shall forward to the owner of the property abutting thereon a written demand, requiring him to repair or rebuild said sidewalk or banquette in accordance with the plans and specifications of the City Engineer, copy of which shall accompany said demand; and in the event that such owner refuses or neglects to do said work within a period of thirty (30) days from the date of said notice, the City may repair or rebuild, and construct or reconstruct, said sidewalk or banquette, advancing the cost thereof, and the City shall have a special lien and privilege on said property to secure

the reimbursement of the amount so advanced, which shall entitle it to be paid by preference and priority over any other claim, privilege, mortgage or encumbrance upon said property, said lien to become effective against third parties from the date of registry in the Clerk's Office of Caddo Parish, Louisiana, of an affidavit setting out the character of said work, and the cost thereof, as provided by existing lien laws."

The Supreme Court in the case of Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385, 49 Am.St.Rep. 344, was called upon to construe provisions of the charter of the City of New Orleans very similar to those of the Shreveport charter, above quoted. These were, as the opinion in the case recites, "that all paved banquettes in the city of New Orleans shall be kept in repair by the owner of real property fronting thereon", and that, "the 'city council shall have power to compel the owners of property or tenants to keep their sidewalks in front of such property clean and in repair.'" The wife of the plaintiff therein was injured while walking on a banquette (or sidewalk) in the City of New Orleans and the suit for damages was directed against the owner of the abutting property. Allegations made were that the injury was in consequence of defendant's neglect to repair the banquette. There was no charge that the injury resulted from obstructions placed thereon by defendant. The contention was made, as in the instant controversy, that under the charter provisions, "the obligation to keep the banquettes in repair imposed a duty upon the owner of the lot, in favor of all persons who used them, and that the neglect to keep them in repair, in consequence of which any one lawfully using the banquette is injured, renders the owner liable to him in damages." The court rejected the contention and held defendant free from liability, saying that the duty imposed on said owner by those provisions "was not for the benefit of individuals or a particular class of individuals. The duty was to the whole public of the city, to all its inhabitants, who own the banquettes and streets in common. The neglect to repair the banquettes was such a breach of public duty that its punishment must be in some form of public prosecution, and not by a suit for damages by an individual."

Also in the opinion of that case it is stated: "Conceding that the defendant had failed to make repairs to the banquettes, and that the council had ordered the ban-quette raised or lowered on the street on which defendant owned the property, and that he had been served with proper notice, and had failed to comply with the same, still only a public duty would have been imposed upon him, the neglect to perform which could not render him liable to an individual who had been injured on the sidewalk or banquette in consequence of the failure to repair it, or to raise or lower it in conformity to the established grade. Dill.Mun.Corp. § 1028."

The plaintiff in the case of Burke v. Tricalli, 124 La. 774, 50 So. 710, 711, charged that defendant illegally placed an obstruction across the sidewalk abutting the latter's property, and that she was injured by reason thereof while walking. She invoked the above quoted provisions of the charter of the City of New Orleans in support of her claim for damages against said defendant. Her demands were rejected on a trial of the merits, the court holding that her allegations were not sustained by the record. At the conclusion of the opinion, the following observation is found:

"If this case were one involving the question as to whether it was the duty of the defendant to have kept the sidewalk in front of his property 'in repair,' there would be no evidence in the record going to show that such duty had in fact been imposed upon him by law. No ordinance to that effect was introduced in evidence. We do not take judicial notice of city ordinances. City v. Cremonini, 35 La.Ann. 366; City v. Labatt, 33 La.Ann. 107. We are not called on to decide what the rights and obligations of the parties would have been, had such an ordinance been shown to have been adopted. Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385, 49 Am.St.Rep. 344."

The extract just quoted makes reference to city ordinances imposing liability on the property owner. We do not consider or discuss here the effect of such ordinances, for none is pleaded in this case.

The case of Vernado v. City of Baton Rouge et al., 5 La.App. 238, decided by the Court of Appeal of the First Circuit, involved a damage claim for injuries sustained by the plaintiff while walking on a sidewalk. She impleaded as defendants both the abutting property owner and the City of Baton Rouge, and charged that the walk was in a dangerous and unsafe condition. The owner was sought to be held liable by reason of certain provisions of the charter of that city, which are almost iden-

556

tical with those of the City of Shreveport that are relied on by plaintiff in the case before us. The court followed Betz v. Limingi and Burke v. Tricalli, both supra, and held that the petition disclosed no cause of action as against the property owner.

The above jurisprudence appears to be in accord with that of most of the courts of the other states. In a note found in the annotations reported in 41 A.L.R. 212, 217, the annotator says:

"The decided weight of authority is to the effect that statutes or ordinances requiring abutting owners to construct or maintain and repair sidewalks adjoining their premises, such work to be done by the municipality at the expense of the abutting owners in case of their failure to construct or repair, does not impose liability upon such owners, either to travelers or to the city, for injuries by reason of a defective walk."

A like expression is noticed in Headley v. Hammond, 97 Mont. 243, 33 P.2d 574, 93 A. L.R. 794, 799, 803.

 Our construction of the pertinent provisions of the Shreveport charter, which appears to be fortified by the above discussed authorities and many others touching the subject, is that the paramount or primary obligation for maintaining sidewalks in repair is placed with the municipality. Of course, such provisions also impose a duty on the owners of the property fronting thereon; but it is only secondary and is one owed solely to the municipality. The latter possesses the right, as the charter states, to make all needful repairs at the expense of the owners upon their failure to do so; and, consequently, it may be said that absolute control of the walks is vested in the municipality. As the owners have no control or supervision thereof, certainly there can be no liability on their part to individuals who are injured because of a state of disrepair. Their responsibility is in favor of the municipality, as above stated, and then only to the extent of the costs of making the necessary repairs.

Plaintiff's counsel cites Goodwyn v. City of Shreveport, 134 La. 820, 64 So. 762; Allain v. Frigola, 140 La. 982, 74 So. 404; and Tucker v. Illinois Central R. R. Co., 42 La. Ann. 114, 7 So. 124. These authorities are clearly inapplicable. The first named case deals solely with the liability of a municipality, while the latter two involve actions to recover damages for injuries sustained because of defective buildings.

The judgment of the district court is, in our opinion, correct and it is affirmed.