**HENRICHS v. NEW ORLEANS PUBLIC SERVICE, Inc., et al.**

**No. 17202.**

Court of Appeal of Louisiana. Orleans.

Dec. 11, 1939.

Rehearing Denied Jan. 9, 1940.

Writ of Certiorari Denied March 4, 1940.

Dresner & Dresner, of New Orleans, for appellant.

E. M. Heath, of New Orleans, for appellee Leon T. Weill.

McCALEB, Judge.

Mrs. Emelia Henrichs, widow of Edward G. Smith, brought this suit for damages against the New Orleans Public Service, Inc., the Sewerage & Water Board of New Orleans and Leon T. Weill, claiming that the defendants are liable to her in solido for injuries she received on August 1, 1935, when she fell upon the paved portion of the sidewalk abutting the premises 2400 Milan Street in the City of New Orleans. She avers that her fall was due to the defective condition of the sidewalk and that, as a result of the accident, she has sustained a fracture of her right leg. She charges that the defendant, New Orleans Public Service, Inc., is liable because it made certain excavations at or near the point where the accident occurred in a faulty manner; that the Sewerage & Water Board is responsible because of the negligent manner in which it made certain other excavations and replacements at or near the point of the accident; that the defendant Weill is also liable because he is the owner of the premises abutting the sidewalk on which she fell; that, under the law, it was his duty to keep the sidewalk in repair and that he failed to do so.

In due course, the New Orleans Public Service, Inc., filed its answer to plaintiff's petition. The Sewerage & Water Board appeared and filed an exception of no right or cause of action. Mr. Weill also filed an exception of no right or cause of action and an exception of misjoinder of parties defendant.

On the trial of the exceptions of the Sewerage & Water Board and Mr. Weill, the district judge, after hearing argument, sustained the exception of no cause of action of the Sewerage & Water Board and the exception of misjoinder of parties defendant of Mr. Weill and dismissed plaintiff's suit at her cost. Plaintiff appealed to this court from the adverse judgment and, after submission of the matter here (see 179 So. 610), we overruled the exception of no cause of action of the Sewerage & Water Board and the exception of misjoinder of parties defendant of Mr. Weill and remanded the case for further proceedings. At the time we passed on the exception of misjoinder of parties defendant filed by Mr. Weill, we refrained from discussing the exception of no right or cause of action which had also been interposed by him for the reason that the district judge had failed to act upon that exception.

After the case was remanded, the Sewerage & Water Board joined issue by way of answer and Mr. Weill again pressed, for the court's consideration, his exception of no cause of action which the judge had not disposed of at the first hearing. After hearing argument on this exception, the judge sustained it and dismissed plaintiff's suit as to Mr. Weill. Plaintiff has prosecuted this appeal from the judgment of dismissal.

The sole question presented by the exception is whether a property owner is liable to another who has sustained personal injuries by reason of the defective condition of the sidewalk abutting the real estate, resulting from the failure of the property owner to maintain and keep the sidewalk in repair.

Counsel for plaintiff maintains that responsibility should be imposed in view of the charter of the City of New Orleans (Act No. 159 of 1912, as amended by Section 1 of Act No. 346 of 1926), the pertinent part of which provides: "All paved and unpaved banquettes or sidewalks in the City of New Orleans shall be kept in repair and maintained in good order and condition by the owners of the real properties abutting upon the same." Section 43.

Counsel, however, admit that the question under consideration has already been answered by the Supreme Court, adversely to plaintiff's contention, in the case of Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385, 49 Am.St.Rep. 344, where it was held that the provision of the City Charter, requiring the property owner to keep the banquette in front of his premises in repair, imposes upon him a public duty and that a person injured by his neglect to fulfill such duty cannot maintain a private action against him.

It is the argument of counsel that the decision in the Betz case is not well

founded and that it amounts to a judicial veto of the will of the Legislature. This proposition should be addressed to the Supreme Court and not to us. It is our duty to follow the jurisprudence established by the highest court of this State.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.