Plaintiff appealed from judgment sustaining exceptions of no cause and no right of action and dismissing her suit against the Dan Cohen Company, hereinafter called the company, and its insurer, Ocean Accident and Guarantee Corporation, Ltd.
According to the allegations of the original petition, at about the hour of two o'clock P.M., June 11, 1941, plaintiff, when walking in front of the store occupied by the Dan Cohen Company on Texas Street in the City of Shreveport, Louisiana, fell to the sidewalk and was injured. It is alleged that the fall resulted from loss of balance when the right heel of her shoe caught in "a break or hole in the concrete walk and apron in front of and leading into said store"; that said defect or broken place "in the sidewalk and apron" was possibly four feet from the display windows on either side of the foyer; was about two feet long, one or more inches deep and from two to three inches wide, and was a "veritable trap" for pedestrians using that part of the sidewalk.
Plaintiff also alleged that it was the duty of said company to maintain and keep in condition safe for pedestrians, the sidewalk whereon said break was located, but it failed and neglected to do so, notwithstanding the break was of long standing to the knowledge of the agents and employees of said company.
Complying with an order of court requiring plaintiff to make more specific her allegations with respect to the location of the break or defect in the sidewalk, by supplemental petition, she alleged:
"The said shoe store of the defendant, The Dan Cohen Company, has a wide entrance or foyer at the front part of its said building in Shreveport, and has what is known as show or display windows on each side of the foyer, and petitioner fell on said occasion alleged in her original petition at a distance of about four feet from the front part of the foyer, in line with the outer edge of the show or display window, extending from the building outward toward Texas Street, and on what is known as the apron or walk in front of said store building, and which is sometime spoken of as the sidewalk, but is a necessary part of the entrance of the store of the said The Dan Cohen Company and constitutes, in fact, a part thereof."
Following the filing of this amendment, the exceptions were filed and sustained. *Page 397 
From both the original and supplemental petitions it is made clear that plaintiff was injured because of a break in the sidewalk proper and not in or on any part of the foyer which leads from the sidewalk into the building.
Cases of this character against the abutting property owner are not of infrequent occurrence, but our search has failed to reveal a single one which was successful.
It is not the law that primarily it is the duty of abutting property owners to build, maintain and/or keep in safe state of repair sidewalks in front of their properties. Regardless of by whom laid or paid for, such improvements belong to the municipality, the use of which is common to all; and unless otherwise fixed by law or ordinance, the obligation to keep them in safe state of repair belongs to the municipality. It is true generally that by special law or ordinance the abutting owners may be required to pave or defray, in whole or part, the cost of paving streets and sidewalks in front of their property, also of extensive repairs. But such improvements may only be done by such owners when required and in the manner prescribed by the municipality. If demand is made that the work be done by the owner and he fails or refuses to do so, the municipality may have it done at the owner's cost. However, plaintiff does not contend that the company breached any duty imposed upon it by law or ordinance of the City of Shreveport. She simply says that because prospective patrons of the company's store, in order to enter therein, had to travel over the sidewalk in front of the foyer, it was the company's duty to see to it that the surface of the sidewalk was kept in perfect state of repair. She does not allege nor contend that the company owns the store building in which it conducts its retail shoe business. So far as the record discloses, it may occupy same as tenant.
The identical question tendered herein was thoroughly discussed and specifically passed on by this court in the recent case of McGurk v. City of Shreveport et al., La.App., 191 So. 553. However, in that case the abutting owner was sued and it was contended that he was obligated under the charter of the City of Shreveport to maintain and keep in good state of repair the sidewalk in front of his premises. This contention, as said before, is not advanced in the present case and it is not alleged that the company is the owner of the property. Plaintiff's contentions in the McGurk case were rejected with citation of many authorities to support the court's action. Inter alia, as reflected from the syllabus, it was held therein:
"Under charter of city of Shreveport authorizing city to make all needful repairs of sidewalks at the expense of the owners of abutting property upon their failure to do so, owners of abutting property have no control or supervision over maintenance of sidewalks, and are not liable to individuals who are injured because of a state of disrepair of sidewalk."
Under this decision and the cited authorities, even if the abutting owner is ordered by the municipality to make repairs to a sidewalk in front of his property and fails or refuses to do so, and a person is afterwards injured because of the defect or lack of repair, no liability attaches to the owner on that account. In such circumstances his duty is due the municipality, primarily responsible for the upkeep of streets and sidewalks, and not to individuals.
A fortiori would there be no liability, if the owner has not been ordered by the municipality to make the repairs.
The judgment appealed from is correct. It is hereby affirmed with costs.