McBRIDE, Judge.
The plaintiff claims that he fell and was injured on the sidewalk of St. Charles Street, while passing in front of the property owned by defendant, Joseph Palozzola, located at the downtown-lake corner of that street and Girod Street, in New Orleans. He sues for a large amount of damages, and impleads as defendants, Joseph Palozzola, the owner of the abutting property, his liability insurance carrier, Maryland Casualty Company, and the City of New Orleans.
Palozzola and Maryland Casualty Company filed exceptions of no cause or right of action against plaintiff’s petition, and from the judgment maintaining, the said exceptions, plaintiff has taken a devolutive *152 appeal, which is now before us for consideration.
No-evidence was adduced, the exceptions being tried below on the face of the petition. . .
The pertinent allegations of plaintiff’s petition are:
“2. Your petitioner, on February 13, 1948 at or about 12:35 A.M., while walking in the company of a friend on the downtown lake side of St. Charles Street in the exercise of the ordinary or more than ordinary care required by the circumstances, stepped upon the specially constructed sidewalk abutting the Rex Bar and fell * * *.
“’3. That the fall and resulting damages were and are the sole and proximate result of the three factors:
“1. The slippery condition of the smooth finished tile sidewalk specially placed by Joseph Palozzola even if it were horizontal to the plane of the ordinary sidewalk on the same and opposite sides of St. Charles and Girod Streets.
“2. The accentuation of the danger by the angles at which the fancy sidewalk is constructed with respect to the St. Charles St. in the direction of Canal St. and Girod St. in the direction of the river.
“3. The unlighted condition and poor visibility on the aforenamed corner resulting from lack of a street light on the corner.
“All of which constitute a public menace.
“4. That Joseph Pálozzola, the owner and operator of the Rex Bar,, before which the sidewalk above described is located, authorized, approved, directed and supervised the installation of the sidewalk, knowing that the above vices of construction and lighting existed, * *
It is the contention of appellees that an abutting land owner owes no responsibility whatever to a passerby for the condition of the sidewalk in front of his property, and that recovery by a plaintiff for falling because of a defect in the sidewalk must be sought, not against the abutting property owner, but against the City of New Orleans.
In support of the exceptions, appellees cite four cases in which suits against abutting owners for injuries caused by the-condition of the sidewalks had been dismissed on exceptions of no cause of action, namely: Betz v. Limingi, 46 La.Ann. 1113, 15 So. 385; McGurk v. City of Shreveport, La.App., 191 So. 553; Henrichs v. New Orleans Public Service, Inc., La.App., 192 So. 383; and Thomason v. Dan Cohen Co., La.App., 7 So.2d 396, 397. From these cases there has evolved the principle that, an abutting owner is not responsible to a. person who is injured because of the defective condition of the sidewalk, resulting from the failure of the property owner to-maintain and keep the sidewalk in repair, as responsibility for the upkeep of streets, and sidewalks is due by the municipality, and it alone is answerable for injuries.
Counsel, with confidence, point to the language used by our brothers of the Second Circuit, in Thomason v. Dan Cohen Co., supra, viz. :
“Cases of this character against the abutting property owner are not of infrequent occurrence, but our search -has-failed to reveal a single one which was successful.
“It is not the law that primarily it is the duty of abutting property owners to build,, maintain and/or keep in safe state of repair sidewalks in front of their properties. Regardless of by whom laid or paid for, such improvements belong to the municipality, the use of which is common to all; and unless otherwise fixed by law or ordinance, the obligation to keep them in safe state of repair belongs to the municipality. It is true generally that by special law or ordinance the abutting owners may be required to pave or defray, in whole or part,, the cost of paving streets and sidewalks in front of their property, also of extensive repairs. But such improvements may only be done by such owners when required and' in the manner prescribed by the municipality. * * * ”
Contrary to appellees’ contention, the cited cases are not authority for the proposition, and we are unwilling to hold, that under no circumstances can an abutting *153 ■owner be held responsible for injuries caused to a pedestrian 'through a defect in the sidewalk. In none of the cases did the injuries result from the act of the owner himself in erecting a defective walk in front of his property, and the instant ■case, in that material respect, differs and is to be distinguished in principle from the ■cited cases. For instance, in Thomason v. Dan Cohen Co., supra, is to be found this pertinent observation: “ * * * She (the plaintiff) does not allege nor contend that the company owns the store building in which it conducts its retail shoe business. So far as the record discloses, it may occupy same as tenant.”
Likewise, in McGurk v. City of Shreveport, supra, the petition contained no allegation that the abutting owner “constructed the walk, or that some obstruction was placed thereon by him which was responsible for the mishap.” [La.App., 191 So. 554.]
In Henrichs v. N. O. Public Service, Inc., supra, which was decided by this court, we said: “The sole question presented by the exception is whether a property owner is liable to another who has sustained personal injuries by reason of the defective condition of the sidewalk abutting the real estate, resulting from the failure of the property owner to maintain and keep the sidewalk in repair.” [La.App., 192 So. 384.]
' To be found in Betz v. Limingi, supra, is 'the following language :• “ * * * the city is not relieved from responsibility. It is still its duty to do the work, and, as it has no authority to shift the responsibility for failure to do it, it remains answerable for injuries resulting from negligence of the owner, on its own omission to act.” [46 La.Ann. 1113, 15 So. 386.]
There are several cases in our jurisprudence laying down the rule that a person placing an obstruction on the public ways is liable for damages sustained by a pedestrian- injured as a result thereof. For instance, in Green v. Chotin, La.App., 159 So. 760, a filling station operator, who constructed a wooden ramp across the sidewalk for motorists’ convenience in driving over the curbstone into the filling station, was held liable for injuries suffered by a pedestrian who fell on’ the ramp. An excavation made in the sidewalk by a public utility company, under a franchise from the municipality, was involved in Rock v. American Construction Co., 120 La. 831, 45 So. 741, 14 L.R.A., N.S., 653, and the court awarded a pedestrian a judgment against the public utility company for damages sustained as a result of his falling into the excavation.
We fail to see any difference in the principle involved in Green v. Chotin, Rock v. American Construction Co., and the instant casé. The petition chargés that Palozzola laid the sidewalk knowing of its vices and dangerous condition. If those who place obstructions over the sidewalk, or make excavations in the sidewalk, are to be held liable in tort for injuries to pedestrians, why, we ask, may not one who knowingly constructs a defective and dangerous sidewalk in front of his property, which causes injury to a passerby, likewise be held liable in damages ?
Both in argument and in brief, counsel traveled outside of the record and indulged in arguments which-would go- to the merits of the case, with which we are not at this time concerned. It may well be that appellees have a valid defense, but in determining an exception of no cause of action the court is bound to accept as true all of the well pleaded allegations of fact contained in the petition; Our,opinion is, taking as true the material allegation of plaintiff’s petition, that an adequate cause and right of action is set forth against the appellees, and the matter should be heard on its merits. The lower court clearly erred in maintaining the exceptions.
For the above stated reasons, the judgment appealed from is reversed, the exceptions ' of no cause or right of action filed by Joseph Palozzola and his insurer are overruled, and the matter is remanded 'to the district court for further ■ proceedings in accordance with law. Appellees are condemned to pay the costs of ; this appeal;, all other costs shall await a final determination of the matter.
Reversed- and remanded.