McBRIDE, Judge.
On the evening of February 13, 1948, plaintiff while traversing a terrazzo sidewalk at the corner of St. Charles and Girod Streets fell and sustained personal injuries. He brings this suit for $11,250 against Joseph Palozzola, the abutting property owner, his liability insurer, Maryland Casualty Company, and also against the City of New Orleans.
The petition alleges that plaintiff fell because of the slippery condition of the sidewalk which is improperly constructed and because the situs of the accident was improperly lighted. The three defendants deny any negligence on the part of the property owner and the city, and Palozzola and his insurer alternatively charge contributory "negligence.
After a trial in the lower court, the suit was dismissed and the matter comes to us on plaintiffs appeal.
The matter previously was before us on an appeal taken by plaintiff from a judgment below maintaining exceptions of no cause or right of action interposed by Palozzola and his insurer. We reversed the judgment and remanded the case to the trial court to be proceeded with in accordance with law. See, La.App., 51 So.2d 151.
The terrazzo sidewalk extends from the corner of Girod and St. Charles Streets along the entire width of Palozzola’s property. There is expert testimony in the record pro and con as to whether the sidewalk is hazardous to pedestrians. But' in view of his own testimony, we need not consider the merits or demerits of the sidewalk, as Mr. Legg has not shown what caused him to fall. Plaintiff, an elderly man, is a double amputee. His left leg is cut off about two and one-half inches below the knee and his right leg is cut through the. knee, this unfortunate physical condition having resulted from a railroad accident in the year 1914. Plaintiff walks with the -aid of artificial legs and a cane; he swings the left limb with a strap from the shoulder and the other with the half" stump of the knee. In addition. the index finger of his right hand with which he holds the cane is amputated at the second joint. He has been shown, however, to be quite proficient in the use of the artificial contrivances.
Mr. Legg admits the presence of a street light at the corner and he had no difficulty in seeing as he walked along, and there was “not a thing” on the sidewalk; he had ne *747 gotiated it many times before and was familiar with it. When asked “Do you know' as a matter of fact exactly what it was that catísed you to fall?” he answered: “Well, it was just one of those things; I fell and that was all there was to it.”
Plaintiff was accompanied at the time of the accident,by a.Mr. Keene, who together with a Mr. Scott picked plaintiff , up from the sidewalk, but neither of these persons appeared as witnesses at the trial.
The judgment appealed from is correct, and it is affirmed.
Affirmed.