## No. 6138.

### WILLIAM SWEENY VS. C. MURPHY AND JOHN MURPHY, ETC.

The master and owners of a ship, having contracted with a competent stevedore to load her, and not having controlled or directed, in any manner, the laborers employed in the loading, are not responsible for injuries resulting from the negligence of said laborers.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J.

---

McGloin & Nixon for Plaintiff and Appellee:

The only principle applicable to this case is that contained in C. C. 2320, to the effect that masters and employers are responsible for the faults of their servants and employees. 7 An. 325; 14 An. 818; 26

An. 170 ; 17 An. 166 ; 11 An. 396 ; 15 An. 321 ; Pothier des Obligations, vol. 1, p. 165 ; Duranton, vol. 7, p. 512, No. 724 ; Toullier, vol. 6, p. 117, No. 282 ; C. N. 1384.

This responsibility cannot be gotten rid of by delegating the work to another and giving him control. Sherman & Redfield on Negligence. p. 132, *et seq.*, §§ 102 and 103 ; 5 Rob. 113 ; 22 Ala. 264 ; Cooley on Torts, pp. 558 and 560.

Singleton & Browne for Defendants and Appellants :

Defendants are not responsible for the injuries alleged to have been suffered by Plaintiff, because they employed a skilled person as a contractor to do the work, and had no control or supervision of it. 28 An. 943 ; Addison on Torts (3rd ed.), pp. 395–397 ; 29 An. 791.

Plaintiff has utterly failed not only to make his cases certain, but even reasonably certain. 17 Wall.. 557 ; 4 Metc. 59 ; 1 Selden, 492 ; 3 Am. Rep. 143, and others.

The opinion of the Court was delivered by

TODD, J. The plaintiff claims, from the master and owners of the ship Regina, damages for an injury alleged to have been caused by an employee of the defendants, in this way : That plaintiff was working as a screwman in the hold of the ship Tasmania, and the ship Regina, of which defendants were owners, and one of them master, was being loaded with cotton at the time ; that the cotton was being rolled across the Tasmania on staging reaching to the ship Regina ; that in the act of rolling a bale of cotton across the Tasmania, through the carelessness of the laborer rolling the bale, it fell into the hold of the Tasmania, and upon the plaintiff, there at work, inflicting a serious injury, for which damages were claimed to the amount of $1500.

The defendants denied any liability for the alleged injury, and averred that the ship Regina was being loaded at the time of the alleged accident under a contract made by them with one Joseph Cooper, an experienced stevedore, by whom the staging for loading the ship was constructed, and the laborers employed. Cooper was called in warranty, and answered, acknowledging his liability, for the reasons set forth in defendants' answer, if any injury had been sustained by the plaintiff, which he denied. By an amended petition Cooper was subsequently made a defendant in the suit.

There was judgment in favor of the plaintiff for $175 against the defendants, and in favor of the defendants for same amount against Joseph Cooper as warrantor, and dismissing the demand of the plaintiff against Cooper in the direct action against him. From this judgment the defendants appealed.

41

The view we have taken of this case, and the conclusion we have reached after a careful examination of the pleadings and evidence in the record, renders it unnecessary that we should decide all the interesting legal questions so ably and ingeniously discussed by the counsel on both sides.

The evidence satisfies us that Joseph Cooper contracted with the defendants to load their ship. That it was Cooper who employed the hands, who directed their labors, to whom they looked for their pay, and who paid them for their work ; and that the defendants did not control and direct the laborers while engaged in rolling the cotton with which the ship was loaded ; that, therefore, they were not responsible for injuries resulting from the acts or faults of these laborers while working in the employment of Cooper.

The fact shown, that the laborers so employed were seamen, composing the crew of the Regina, the defendants' ship, does not affect the legal aspect of the question, since for this work of loading the ship they were practically under the exclusive control and direction of the contractor, Cooper.

In the White Mass Colliery Company case (36 London L. T. p. 50), where the company had furnished engineers to the contractor, and through the negligence of one of them the plaintiff in that case had received a severe injury from the fall of machinery down the shaft, Chief Justice Cockburn said :

"I think they placed this man at Whittle's disposal, and in the course of the servant's employ by that other, some injury occurs through the negligence of the servant, the servant must be held to be the *servant of the borrower* (if I may use the expression), for the purpose of the particular work the latter employs him to do, and the *borrower* must be held liable."

In the case of Reilly vs. State Line Steamship Company, 29 An. 791, it was shown that the same stevedore (Joseph Cooper) employed in this case was employed to load the ship in that case. The ship furnished the "gins" or hoisting apparatus which was used by the stevedore. The machinery broke and killed one Moriarty, a screwman employed by Cooper to assist in the work, and the widow, for herself and minor children, brought suit against the company owning the ship. It was held that the company was not liable. See, also, 18 A. 683 ; 20 A. 495 ; 22 A. 389.

There is no question in this case but that Cooper was a competent and experienced stevedore, and the testimony satisfies us that no fault can be imputed to the defendants in contracting for the work with an incompetent party.

We are not called upon to decide whether Cooper is or is not liable

for the injury sustained by the plaintiff.   He was called in warranty by the defendants, and appeared and answered.   He was subsequently cited as defendant in the suit, but judgment was rendered by the court *a qua* dismissing the demand as to him, and from that judgment the plaintiff did not appeal, which fact places it beyond our power to review the judgment in this respect.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be annulled, avoided, and reversed, and it is now decreed that the plaintiff's demand against the defendants and the demand in warranty against Joseph Cooper be rejected, plaintiff to pay costs in both courts.