THE DAGO.[1]

KENNY v. THE DAGO.

*(Circuit Court, E. D. Louisiana.   March 18, 1887.)*

SHIP-OWNERS—LIABILITY OF—DEFECTIVE TACKLE—EMPLOYE OF STEVEDORE.
　　The owners of a vessel are not liable to the employe of a stevedore, who has full charge of the unloading of the vessel, for injury to the employe caused by defective tackle furnished by the vessel, when it is shown that the tackle had no apparent defect, and that the stevedore was an experienced and competent one, who had the exclusive appointment of the laborers and control of the work.

Admiralty Appeal.
W. S. *Benedict* and *Emmet D. Craig*, for libelant.
E. W. *Huntington*, for claimant.

PARDEE, J.   The vessel was under charter, and, according to the general custom, furnished the rope, tackle, and appliances for hoisting in cargo. The charterers employed the stevedore, and the stevedore employed the libelant. There was no privity of contract between the owners of the Dago and the libelant, and at the time of the accident the

1 Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

hoisting apparatus was not under the control of the officers of the ship, but was under the control of the stevedore and his men. The rope furnished by the Dago for the hoisting tackle was new, sound, and strong, large enough, and apparently fit for the purpose intended. In this state of the case it is difficult to see how the owners of the Dago can be held liable for the injuries received by the libelant, resulting from the breaking of the rope. The master is not bound to provide the safest and best machinery. He does not warrant to his servants the sufficiency of his machinery. 2 Thomp. Neg. 982, 983. And if in this case the master was not bound, still less is the ship which furnished the machinery to the master. "The owners of a vessel are not liable for damages occasioned by the negligence of stevedores employed for a gross sum by the consignees of the charterers in unloading the cargo." *Linton* v. *Smith*, 8 Gray, 147. In that case the question is said to be whether the relation existing between the owners of the vessel and the stevedores was that of master and servant, or contractor and contractee. The relation was held to be that of contractor and contractee, and the owners, therefore, not liable. See, also, *Hilliard* v. *Richardson*, 3 Gray, 349, in which case, and in *Linton* v. *Smith, supra*, the common law authorities are fully considered. "The owners of a vessel are not liable to the employe of a stevedore who has full charge of the unloading of the vessel, for injury to the employe caused by defective tackle furnished by the vessel, when it is shown that the tackle had no apparent defect, and that the stevedore was an experienced and competent one, who had the exclusive employment of the laborers, and control of the work. The owners are not liable for any injury caused by a defect in the tackle arising from the ordinary wear and tear, unless a knowledge of such defect is brought home to them." *Riley* v. *State-Line S. S. Co.*, 29 La. Ann. 791. This case is approved in *Sweeny* v. *Murphy*, 32 La. Ann. 628.

These authorities ought to control this case, but if we go further, and concede, as libelant contends, that the obligations of the ship to him were the same as if the actual relation had been that of master and servant, then the rule is that "it is the duty of an employer, inviting employes to use his structures and machinery, to use proper care and diligence to make such structures and machinery fit for use," (Whart. Neg. § 211,) and if he knows, or by the use of due care might have known, that they were insufficient, he fails in his duty; and still, under the evidence in this case, I am of the opinion that the libelant ought not to recover. The ship furnished, so far as foresight and inspection could determine, a good, sound, suitable rope. After several days' use, through a sudden jerk, it parted, and libelant was injured. The owners could not have foreseen nor prevented the accident; and if they are not to be held liable as insurers of their employes, nor as warrantors of the absolute safety of their machinery and appliances, then they ought not to be liable in this case, even if the relation between the parties was that of master and servant.

I have not lost sight of the evidence of Burns, one of libelant's fellow-servants, that he complained to the second mate of the Dago that

the rope was worn out, and would break, and asked for another; but I am satisfied, from the other evidence in the case, that, if this statement is true at all, it was after libelant's injury, and before the second parting of the rope, that the complaint was made. Besides, the second mate was charged with no duty in respect of the loading of the ship. The fact that the second mate, although examined as a witness, was not asked as to any such communication, is very significant, and corroborates the view that Burns was mistaken as to the time, if not as to the conversation.

The libel in this case will be dismissed, with costs.