## THE NORANMORE.

### (District Court, E. D. Virginia. January 21, 1902.)

1. **SHIPPING—INJURY TO STEVEDORE—INDEPENDENT CONTRACTOR.**
   A ship is not liable to a longshoreman employed by a stevedore, an independent contractor, to assist in loading, for injury caused by falling of athwart portions of hatch cover, because of failure to have in place bolts to hold the crossbeams on which such athwart portions rested; the ship having been turned over to the stevedore, and he having removed all the portions of the hatch cover, including the crossbeams, and put them back without properly fastening them.

2. **SAME—DEFECTIVE APPLIANCES.**
   Any duty of a ship to a longshoreman in the employ of a stevedore, in loading, relative to suitable appliances, in the furnishing of a hook for loading, is fulfilled where the hook is reasonably safe for the work in hand.

In Admiralty.

George McIntosk and Theodorick A. Williams, for libelant.
Garnett & Garnett and Whitehurst & Hughes, for claimant.

WADDILL, District Judge. The libelant, Richard Skinner, a longshoreman, was employed by the South Atlantic Export Company, who were doing business as stevedores, to assist in loading the Belgian steamship Noranmore with flour, at the port of Norfolk, on the 19th day of April, 1900. At the time of sustaining the injuries sued for, the libelant was working in the forecastle hatch of said ship, and was injured by the athwart portions of the hatch cover falling in upon him. Said hatch cover consisted of three sections, and at the time of the injury the middle section only was open, and the other portions thereof closed on account of the weather. The covers and sections to the hatch rested upon two crossbeams extending from side to side, and fitting in iron shoes,

with bolts to hold the beams in place. The negligence assigned consisted in the failure of the ship to furnish a safe place for the libelant to work, together with safe and suitable appliances with which to perform the duties required of him; the specific allegations being that the bolts holding the beams aforesaid were not in place at the time of the injury, and that the hook fastening into the sling in which the flour was loaded into the hold was in a defective condition, in that it was a protected hook, with the lip or flange broken off, and that in using it by means of a tackle operated by the winch it caught under the beam supporting the covers of the hatch, thereby throwing the same down.

The first question presented is whether any liability attaches against the steamship by reason of the injury, the libelant being an employé of the stevedore, an independent contractor, in loading the ship. Such liability clearly does not exist, unless there be some exceptional reason in this case for holding the ship liable. The Indrani, 41 C. C. A. 511, 101 Fed. 596, 598, 599 (United States circuit court of appeals, Fourth circuit), and cases there cited; Hughes, Adm. 188–191. The exceptional causes of liability insisted upon are the failure of the ship to furnish a safe place to work in, and a suitable hook with which to perform the duties required,—it being admitted that the particular hook was that of the ship, and not of the stevedore. The insecurity of the place where the work was being performed arose, not from any defect in the ship, or its proper structural condition, but because of the failure to have in place the bolts to hold the beams upon which the athwart portions of the cover of the hatch rested. This failure cannot be imputed, under the circumstances of this case, as negligence on the part of the ship; as the evidence conclusively shows that this ship had been turned over to an independent contractor; that on the day and night previous to the injury all the sections of the hatch cover and the two crossbeams had been removed, in order that the stevedore might properly do the work in hand; and at 7 o'clock in the morning on which the injury was sustained at 10 o'clock the foreman of the day force of stevedores, upon returning to work, found that the hatch, with the exception of the middle sections, had been closed by the night force, and proceeded to use that section. The absence of the bolts through the beams was patent and obvious, and could have been seen by the day foreman aforesaid, or any other person observing the same. On getting into port, the custom is for the ship's carpenter to remove the bolts from the hatch beams, and the stevedore in charge takes control. On this occasion the stevedore had the management and direction of the hatches, opened and closed them, as found desirable for the convenient dispatch of the work to be done. No liability arises against the ship by reason of the negligence of the stevedore, an independent contractor, in removing the hatches and beams, or putting them in place improperly. If negligence exists in this respect, the stevedore, an independent contractor, is liable, and not the ship. The Picqua (D. C.) 97 Fed. 649, 651; The Auchenarden (D. C.) 100 Fed. 895; The Willowdene (D. C.) 103 Fed. 678; The Aldborough (D. C.) 106 Fed. 90.

As to whether or not the hook in question was defective, and to what extent that caused the injury to libelant, considerable evidence was taken, including that of the foreman of stevedores, on the part of the libelant, who testified that he called the attention of the first officer of the ship to its condition when working in the open hatchway the day before the accident. Whether any liability exists against the ship, arising from the use of this hook by the stevedores, may be doubted (The Mary Stewart [D. C.] 10 Fed. 137; The Dago [C. C.] 31 Fed. 574), though it is unnecessary to pass upon this question in this case. While it is true the hook was one of the appliances of the ship, it seems that the stevedore should have furnished his own tackle, which he failed to do. But, be the question of the ship's liability what it may, and placing the case in the most favorable light to the libelant, that is, treating it as the duty of the ship to furnish the appliances, and making it liable for failure so to do, under the facts in this case, as viewed by the court, the libelant would nevertheless not be entitled to recover, as it abundantly appears from the evidence that the hook used was reasonably safe and suitable for the work then engaged in. It was substantially such a hook as was in general use in this and other ports for the purpose of loading ships; the evidence being that in loading ships an open hook is preferable to a protected one; and that the particular hook, a protected hook, with the lip out, was substantially the same as an open hook. It is true that the evidence tended to show that to some extent there was a slight difference; but none appreciable. The measure of duty required of a master in furnishing appliances is not that all the latest, the most approved, or, indeed, the best appliances that can be had, shall be used; but such as are reasonably safe for the purpose of the particular work. It is not expected that appliances can or will be furnished, from the use of which an accident may not happen, but those from which, in the exercise of proper care and caution on the part of persons using them, no injury will likely result. Shear. & R. Neg. § 92; Hough v. Railroad Co., 100 U. S. 213, 218, 25 L. Ed. 612; Railroad Co. v. McDaniels, 107 U. S. 454, 459, 460, 2 Sup. Ct. 932, 27 L. Ed. 605; Railroad Co. v. O'Brien, 161 U. S. 451, 457, 16 Sup. Ct. 618, 40 L. Ed. 766. The hook used was reasonably safe for the work in hand, and that the ship exercised proper care and caution in supplying the same, and should not be held liable for an accident to those handling it, particularly when such accident would not have happened but for the negligence of others, for whom the ship was not responsible, in not properly fastening and keeping in place the beam to the hatchway aforesaid.

It follows, from what has been said, that the libel should be dismissed; and an order may be accordingly so entered.