(45 South. 741.)

No. 16,835.

## ROCK v. AMERICAN CONST. CO. et al.

(Feb. 17, 1908.)

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—EXCAVATIONS IN SIDEWALK — FAILURE TO GUARD.

As a municipal corporation would itself be liable to a citizen for injury sustained by reason of its reducing a sidewalk to a dangerous condition, it is evident that the privilege granted by it to a public utility company of making excavations therein cannot authorize such company to leave the excavations so made unguarded and to dispense with all precautions, whereby those who are rightfully using the sidewalk may be warned of their existence. Nor can the company in such case escape liability on the plea that an excavation, made under the authority conferred on it and for its account and benefit, has been made by an independent contractor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1593, 1653–1659.]

2. SAME.

A gardener with poor eyes (but who cares for himself and earns his own livelihood), and with a basket of vegetables on his head, is not particularly well situated to discover a hole in the sidewalk, but the sidewalks of the city are intended for such as he, as well as those with good eyes and who carry no baskets, and he has the right to assume, within reasonable limits, that, if they have been made unsafe, those who made them so will warn him of the fact, or protect him from the danger.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, §§ 1672–1683.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Vantell Rock against the American Construction Company and the Consumers' Electric Company. Judgment for plaintiff, and defendants appeal. Affirmed.

Solomon Wolff, for appellant American Const. Co. Howe, Fenner, Spencer & Cocke, for appellant Consumers' Electric Co. Dinkelspiel, Hart & Davey, for appellee.

### Statement.

MONROE, J. This case comes before the court on the appeal of the defendants from a judgment condemning them in solido to pay to the plaintiff the sum of $400, with interest, as damages for personal injuries sustained by him through their negligence; the facts upon which the judgment is predicated being as follows: The electric company holds a franchise from the city of New Orleans to lay conduits under the sidewalks and to make the necessary excavations therefor, and the construction company, having been employed to do the work, made an excavation, about three or four feet square by five or six feet in depth, in the sidewalk on Rampart street, just above the intersection of Gravier. During the night of May 3d the hole became filled with water, and was bailed out by a laborer, who then left it in order to report to his foreman, on the opposite side of the street, and the foreman testifies that he told the laborer that he ought not to have left the hole (which was entirely unguarded), and that, whilst he was talking, he observed the plaintiff approaching the hole, with a basket of vegetables on his head, remarked the fact, and was afraid that he would walk into the hole, but did not warn him, and that just then plaintiff fell into the hole, which testimony coincides with that of the other witnesses (save that one or two of them say that plaintiff was carrying his basket on his arm) and with that given by plaintiff, who says he was carrying his basket on his head, and that, as he approached, a barkeeper employed in a place at the corner called to him, through his window, to know whether he had any salad, and that he was going towards him in response to the call, when he fell into the hole, which he did not see until it was too late. It appears that plaintiff's sight is not good; but it was sufficiently so up to the date of the accident to enable him to earn his livelihood as a gardener, and to live alone. It also appears that, as he approached the hole, he heard a lady, who was passing in the opposite direction, say to a little girl:

"Here is a hole that some one might fall into."

But, as he about that time found the hole for himself by falling into it, the information contained in the remark was of no service to him. The result of the fall was that plaintiff was bruised on the hip and thigh, and received a bruise somewhere in the neighborhood of the second or third rib, back, and had a fever off and on, which confined him to his bed for a month. He also complains that he has suffered from internal injury, but the extent of it and the extent to which it is attributable to the fall is not clearly shown. The case was submitted to the judge a quo (without a jury) who found as has been stated.

### Opinion.

As a municipal corporation would itself be liable to a citizen for injury sustained by reason of its reducing a sidewalk to a dangerous condition, it is evident that the privilege, granted by such corporation to a public utility company, of making excavations in a sidewalk, cannot authorize such company to leave the excavations so made unguarded and to dispense with all precautions whereby those who are rightfully using the sidewalk may be warned of their existence. Nor can the company, in such case, escape liability on the plea that an excavation, made under the authority conferred on it and for its account and benefit, has been made by an independent contractor.

"(1028) * * * The principle of respondeat superior does not, as a rule, extend to cases of independent contracts, where the party for whom the work is done is not the immediate superior of those guilty of the wrongful act and has no choice in the selection of workmen and no control over the manner of doing the work under contract.

"(1029) The general rule is stated in the preceding section, but it is important to bear in mind that it does not apply where the contract directly requires the performance of a work intrinsically dangerous, however skilfully performed. In such case the party authorizing the work is justly regarded as the author of the mischief resulting from it, whether he does the work himself or lets it out by contract." 2 Dill. Mun. Corp. (4th Ed.) §§ 1028, 1029; South Bend v. Turner, 156 Ind. 418, 60 N. E. 271, 54 L. R. A.

120 LA.—27

396, 83 Am. St. Rep. 200; Thomas v. Harrington, 72 N. H. 45, 54 Atl. 285, 65 L. R. A. 742, and note; Jacobs v. Fuller & H. Co., 67 Ohio St. 70, 65 N. E. 617, 65 L. R. A. 833, and note; Anderson v. Fleming, 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119, and note; Cameron M. & E. Co. v. Anderson, 98 Tex. 156, 81 S. W. 282, 1 L. R. A. (N. S.) 198, and note.

The cases of Sweeny v. Murphy, 32 La. Ann. 628, and Davie v. Levy, 39 La. Ann. 551, 2 South. 395, 4 Am. St. Rep. 225, cited by counsel for the electric company, are within the rule, not the exception. We do not find that there was any such want of care on the part of the plaintiff as to preclude his recovery. With his poor eyes and his basket on his head he was not particularly well situated to discover the hole into which he walked, but the sidewalk is intended for such as he, as well as for those with good eyes and who carry no baskets, and he had the right to assume, within reasonable limits, that, if it had been made unsafe, those who made it so would warn him of the fact or protect him from the danger. The amount allowed is not excessive; and the judgment appealed from is accordingly affirmed.