### GREEN v. CHOTIN.
### No. 15035.

Court of Appeal of Louisiana. Orleans.
March 18, 1935.

K. V. Richard, of New Orleans, for appellant.

Deutsch & Kerrigan & Burke, of New Orleans, for appellee.

LECHE, Judge.

This is a suit for damages, and from a judgment in favor of plaintiff, defendant has appealed. Plaintiff answered the appeal and prayed for an increase in the judgment.

Defendant operates an automobile filling station on the downtown river corner of Cohn and Adams streets, and, in order to facilitate the entrance and exit of automobiles to and from his service station, defendant constructed a ramp adjoining the concrete curb on Adams street. The ramp is made of wooden boards two inches thick and eight or ten inches wide nailed on to wooden crosspieces approximately four inches by four inches. It lies next to, or adjoins the curb on Adams street, and runs approximately the length of the station and facilitates automobiles entering the station by permitting them to avoid the curbstone. The space between the curb and the interior of the filling station is made of concrete, and it appears that there was a hole, or broken place, in the concrete sidewalk on Adams street several feet in diameter.

At about 10:30 p. m. on the night of March 9, 1934, petitioner was walking along the sidewalk on Adams street, in company with one Joseph Banks. It was raining and petitioner asked Banks to wait for him while he returned home to close his windows, or to get something which he had forgotten. Plaintiff started toward his home on Adams street and stepped on the edge of the hole in the sidewalk with his left foot, which caused him to stumble forward, and, in attempting to regain his balance, he caught his right foot in a hole in the ramp and injured it.

There seems to be a conflict in the testimony as to the existence of this hole, or crack in the ramp, which is alleged to have been approximately three or four inches wide and ten or eleven inches long. It also appears that new boards were placed in the ramp and certain repairs made by defendant. Inasmuch as the trial judge found that the hole existed, we find no such manifest error in his finding of fact as to warrant a reversal by us in this respect. The sole question presented here is the liability of defendant for the injuries sustained by plaintiff.

The ramp in question was constructed by defendant on public property and was placed solely for the convenience of the defendant in his business, being used principally by those purchasing gasoline and supplies from his service station. It was therefore incumbent upon defendant to keep his ramp in such a state of repair that the general public would be amply protected against injury by reason of defects therein. Hanover v. Brady (La. App.) 148 So. 267; Kernstock v. City of New Orleans (La. App.) 147 So. 371; Atkins v. Bush, 141 La. 180, 74 So. 897, L. R. A. 1917E, 809; and Williams v. La. Elec. Light & Power Co., 43 La. Ann. 295, 8 So. 938.

It is contended, however, by defendant, that the proximate cause of the injury was not the hole in the ramp of defendant, but the hole in the sidewalk which caused plaintiff to stumble. Defendant did not plead contributory negligence and it is only necessary to determine whether or not he was himself negligent. The general rule is that negligence, to render a person liable, need not be the sole cause of the injury. It is sufficient that the negligence concurring with one or more efficient causes other than plaintiff's fault is the proximate cause of the injury. The fact that the hole in the sidewalk figured to some extent does not relieve defendant of his negligence in permitting the ramp to remain in a dangerous condition. In the case of Birsch v. Citizens' Elec. Co., 36 Mont. 574, 93 P. 940, 943, the court said: "We think it may be said to be the general rule, sustained by the great weight of authority, that 'where the primary cause of an injury is a pure accident, occasioned without fault of the injured party, if the negligent act of the defendant is a co-operating or culminating cause of the injury, or if the accident would not have resulted in the injury excepting for the negligent act, the negligence is the proximate cause of the injury, for which damages may be recovered.'"

A survey of the record in this case further convinces us that the learned trial judge did not err in the amount of damages awarded.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.