REID, Judge.
Plaintiff brought this suit for personal injuries allegedly sustained by him as a result of defects in the sidewalk in front of No. 1150 South Thirteenth Street in Baton Rouge. The suit was originally brought against Mrs. Corine Vicaro, individually and as usufructuary of the Estate of Sam Vicaro, and the heirs of Sam Vicaro, the owners of property involved; Vicaro’s public liability insurer, The Travelers Insurance Company; the City of Baton Rouge; and the Parish of East Baton Rouge. In addition Mrs. Fannie G. Loria and the United States Fidelity and Guaranty Company were made parties defendant, but subsequently that suit was dismissed as to these last two defendants.
Subsequently, the Vicaros and Travelers Insurance Company compromised plaintiff’s suit for the sum of $1000.00 and suit was dismissed insofar as these defendants were concerned on June 12, 1959 with prejudice. In the agreement of settlement the plaintiff specifically reserved all of his rights against the City of Baton Rouge, and the Parish of East Baton Rouge.
The City of Baton Rouge and the Parish of East Baton Rouge then filed a motion for a summary judgment based on the fact that the liability of the City of Baton Rouge and the Parish of East Baton Rouge, if any, was secondary and the primary liability rested upon the defendant, Mrs. Vicaro and her insurer. The motion alleges that the only negligence set out against the City of Baton Rouge, and the Parish of East Baton Rouge, or either of them, was the failure to discover and report the defect in the sidewalk which was caused by the action of the other defendant, Vicaro. It further alleges that the compromise agreement and the dismissal of the suit insofar as the primary obligor was concerned released the City of Baton Rouge, and the Parish of East Baton Rouge whose liability, if any, was only secondary.
The district court sustained the motion for summary judgment and dismissed plaintiff’s suit insofar as the City of Baton Rouge, and the Parish of East Baton Rouge were concerned.
From this judgment the plaintiff prosecutes this appeal.
Plaintiff appellant’s complaint is that the district court erred in its interpretation of two points of law, namely:
(1) That the primary liability for the injury to plaintiff appellant rested on the abutting property owner and her insurer, and that the liability of the City of Baton Rouge and the Parish of East Baton Rouge was secondary.
(2) That the release of the party primarily liable releases one secondarily liable notwithstanding a reservation of rights of the party granting the release.
The allegation of negligence which the lower court accepted as true for the purpose of the motion for summary judgment are contained in the following allegations of plaintiff’s petition.
“3.
"That as your petitioner reached a point on the sidewalk directly in front of the residence numbered 1150 South 13th Street, your petitioner stepped into a hole in the said pavement causing your petitioner to fall and break his right ankle.
s{c ifc % S{« l|c
“6.
“That the several broken places and holes in the said pavement were caused by the tenants of 1150 South 13th Street in driving their vehicles and automobiles over the said sidewalk and' parking them between the sidewalk and the house designated as Municipal No. 1150 South 13th Street, and that the defendants, Mrs. Fannie G. Loria and Mrs. Corine M. Vicaro, individually and as usufructuory (sic) of the estate of Sam Vicaro, were guilty of negligence, particularly but not exclusively as follows:
*128 “a. That they, or, either of them, were negligent in authorizing or permitting tenants or others having access to. her house to create a driveway from the street to said property and drive automobiles over the brick and concrete sidewalk, thus causing an undue burden on the inadequate sidewalk, and resulting in its ultimate disintegration (sic).
“b. That they, or either of them, had actual or constructive knowledge of the condition of the said sidewalk and they, or either of them, was guilty of negligence in not taking affirmative steps to remedy the condition of the sidewalk brought about by the tenants at 1150 South 13th Street.
“7.
“That it is the responsibility of the City of Baton Rouge, a municipal corporation, to maintain the sidewalks of the City of Baton Rouge in a safe and passable condition and that the failure of the said City of Baton Rouge to perform this duty constitutes negligence on the part of the said City of Baton Rouge, and therefore, the City of Baton Rouge is responsible to petitioner and should be made a party defendant to this suit.
“8.
“That the City of Baton Rouge, its agents, servants, or employees, had notice or knowledge of the dangerous condition of the sidewalk in front of 1150 South 13th Street in the City of Baton Rouge, State of Louisiana, due to the long standing defective condition of said sidewalk and said defendants knew or should have known that this condition was a hazard to the public and therefore said defendant, City of Baton Rouge, is negligent in not having repaired the said sidewalk.”
It has been the long standing jurisprudence of this state that the plaintiff is bound by his solemn declaration of record. See Himel v. Connely, 221 La. 1073, 61 So. 2d 876; Droddy v. Southern Bus Lines, La.App.,- 26 So.2d 761.
While the question of the procedure upon a motion for summary judgment is not at issue Article 966 of the LSA-Code of Civil Procedure provides in part:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
This brings us to the question of the primary liability of the abutting property owner for damages arising from any special use made by him creating a hazard on a sidewalk in front of his property.
 The law of this state appears to be well settled to the effect that a municipality is responsible to persons injured as a result of defective streets or sidewalks. The obligation of maintenance and repair rests upon the municipality and its failure to discharge said duties constitute negligence whenever the municipality has actual or constructive notice of the defects causing the injury. See Brown v. Parish of East Baton Rouge, La.App., 126 So.2d 173; Toppi v. Arbour, La.App., 119 So.2d 621; Brantley v. City of Baton Rouge, La.App., 98 So.2d 824; Betz v. Limongi, 46 La.Ann. 1113, 15 So. 385.
This rule is recognized in Volume 63 C. J.S. Verbo Municipal Corporations § 796, page 109. This Section reads as follows:
“Although a municipal corporation is not liable for the unauthorized act of a third person causing or creating an obstruction, defect, or dangerous condition in the street, it is liable for injury resulting from its failure to remove, repair, or guard against the obstruction, defect, or dangerous condition, where the municipality has notice of the defect or dangerous condition, and this is true, even though the condi *129 tion was created by a person not the servant or agent of the municipality and one for whose conduct the municipality is not responsible under the doctrine of respondeat superior. The fact that the person causing the defect is also liable does not relieve the municipality from liability. The liability of the municipality is based on its own negligence, which is not for the creation of the defect, but for permitting the defect to remain unguarded after actual or constructive notice thereof.”
It is equally well settled that ordinarily an abutting owner is not responsible in damages for injuries caused by a defective sidewalk if the defect occurs through normal deterioration or in the ordinary course of events but an abutting owner is responsible to third persons for injuries occasioned by defects created or caused by his using the street or sidewalk for some special purpose or undertaking. (See Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239; Legg v. Palozzola, La. App., 51 So.2d 151; Green v. Chotin, La. App., 159 So. 760; Rock v. American Construction Co., 120 La. 831, 45 So. 741, 14 L.R.A.,N.S., 653.
The jurisprudence which imposes liability upon the abutting owner when his special use of the sidewalk causes or creates the defect is founded upon the principle that such special use by the abutting owner carries the obligation of preventing unsafe or dangerous conditions from developing as a result thereof. The abutting owner utilized a public sidewalk for some particular private undertaking and thereby caused a dangerous condition to exist and is said to have actually created and maintained a nuisance creating liability to third persons injured thereby.
In the case of Arata v. Orleans Capitol Stores, supra, cited by the judge the following pertinent language was used:
“In the instant case plaintiff’s allegations, although vague in some respects, seem to charge the Store (the abutting owner) with having knowingly caused the undermining and breaking down of the sidewalk’s foundation by maintaining an adjacent depression on its property which, together with the permitted and described vehicular traffic over the crossing, resulted in the offending defect. If this charge be true the Store, in our opinion, was guilty of a nuisance, subjecting it to liability for injury therefrom, the same as if it had made an excavation in or placed an unauthorized obstruction across the sidewalk that produced the accident. Therefore, we are obliged to hold that the petition herein states a cause of action against the Store and its insurer.” (55 So.2d 239, 244)
The principle handed down in the Arata case, supra, is in accordance with the general rule which is stated in Volume 63, C.J.S. Verbo Municipal Corporations § 857, page 212:
“An abutting property owner or a private citizen cannot interfere with a public street or sidewalk without the consent of the municipal corporation; and the general rule is that one who unlawfully interferes with a street or renders its use dangerous is liable to all persons injured thereby who are acting with due care. The liability of an individual who, without authority of law, creates a condition in a street or sidewalk dangerous to a person injured thereby is generally based on the theory that the defect or obstruction constitutes a nuisance, and such liability is not affected by the question whether the individual was negligent. In case he is negligent, he is liable whether or not his act is lawful.”
Our consideration of the decisions of our own state which have held an abutting owner liable in damages for injuries to a third party in those instances wherein the owner caused or created the defect involved reveals that none of said authorities have di *130 rectly considered the question of whether, under such circumstances, the liability of the owner is primary or that of the municipality secondary. It would appear, therefore, that the issue is res nova insofar as our own jurisprudence is concerned.
In Smith v. City of Baton Rouge et al., 166 La. 472, 117 So. 559, plaintiff therein sued the defendant city and a waterworks company in solido for the death of plaintiff’s three year old son who was drowned in a water filled hole dug in the street by the defendant waterworks company. The trial court rendered judgment in favor of plaintiff against the waterworks company, but rejected plaintiff’s claim against the city. On appeal the Court of Appeal affirmed the judgment in favor of the City and reversed the trial court’s finding of liability on the part of defendant waterworks company.
Upon review of the judgment of the Court of Appeal, the Supreme Court reversed the judgment of the Court of Appeal in favor of defendant waterworks company and rendered judgment against said defendant in plaintiff’s favor. Plaintiff did not press its claim against the defendant municipality in either the Court of Appeal or the Supreme Court conceding there was no claim against the defendant municipality.
In Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239, the plaintiff sued defendants, City of New Orleans, Orleans Capitol Stores, Inc., and the latter’s insurer, for damages to plaintiff’s son injured while riding a bicycle on a public sidewalk. All defendants filed exceptions of no cause of action based on the ground the petition affirmatively showed contributory negligence on the part of plaintiff’s minor child. The trial court sustained defendants’ exceptions and on appeal the Court of Appeal affirmed the judgment of the trial court. Writs were applied for and granted by the Supreme Court which tribunal held that the petition did not affirmatively show the minor child involved was guilty of contributory negligence and remanded the case to the trial court for hearing on the merits. In the course of its opinion, the Supreme Court reviewed at length the law of this state which holds that an owner is not liable for injuries caused by the dangerous condition of a sidewalk unless he creates or causes the condition, but that generally a municipality is responsible for dangerous defects amounting to a trap. The court further held that under the allegations of plaintiff’s petition whether or not the defects were dangerous was a matter of fact to be determined after hearing the evidence. With respect to defendants, Capitol Stores, Inc., and its insurer, the court held the allegations sufficient to state cause of action against said defendants. The court did not consider the issue of primary or secondary liability.
Legg v. Palozzola et al., La.App., 51 So. 2d 151, was an action in which defendant Palozzola, his insurer and the City of New Orleans were sued for injuries sustained by a fall on a tile sidewalk installed by an owner in front of his business establishment. On behalf of the abutting owner and his insurer, exceptions of no cause of action were filed and sustained by the trial court from which judgment, plaintiff appealed. In reversing the judgment of the trial court, the Court of Appeal held that the law of this state does not impose upon an abutting owner the obligation of repairing or maintaining streets or sidewalks. The court held that the allegations of the petition brought plaintiff’s case within the exception to the foregoing rule proclaimed in Green v. Chotin, La.App., 159 So. 760, to the effect that'one obstructing a sidewalk or creating a dangerous condition with respect thereto is liable for injuries thereby occasioned. The issue of solidary liability or whether the liability of the owner is primary and that of the municipality secondary was not discussed.
Rock v. American Construction Co. et al., 120 La. 831, 45 So. 741, 14 L.R.A.,N.S., 653, was a suit against Consumer Electric Company (a public utility) and American Construction Co., a contractor engaged by the *131 former to lay certain conduits for electricity. In the course of the performance of the work, plaintiff fell into a hole dug in the sidewalk by the contractor and sued both the contractor and the utility company. On appeal, judgment for plaintiff against both defendants in solido was affirmed.
In Green v. Chotin, La.App., 159 So. 760, the suit was against the abutting property owner alone who was held liable in damages for plaintiff’s injury.
In other jurisdictions there appears some division of authority on the question of whether in those instances wherein both abutting owner and municipality are liable to the injured third party, the liability is that of joint or co-tort-feasors rendering them liable in solido or whether that of the owner is primary and that of the municipality is secondary.
The majority view, however, hold that where there is a liability on the part of both the abutting owner and the municipality, the municipality if called upon to respond in damages may recover over against the abutting property owner. In McQuillin, Municipal Corporations, 3rd Ed. Vol. 19, Sec. 54, 19 we find:
“This primary duty of the city or town cannot be delegated to a third party, either by contract or ordinance, but may be delegated to abutters. And the abutter is not liable merely because of ownership.
“If, however, the abutter makes special use of the sidewalk, then he owes a duty to the public to maintain it in a reasonably safe condition for pedestrians lawfully using the same, and must exercise reasonable care to guard the public from injury. His liability in such cases, however, results from the fact that he creates or maintains the thing from which the injury results, and not because he owns the abutting property.
“If the abutter is not primarily liable to a person injured on the streets and sidewalks in front of his property, then he is not secondarily liable over to the municipality for a judgment recovered against the city, and this is the general rule, though in some jurisdictions the city’s liability is only secondary, the primary liability for keeping the pavements where a recovery is had against a city by reason of a defective sidewalk, the property owner or the tenant, as the case may be, is liable over to the city for the amount of such recovery. Indeed, ‘the right of a municipality to recover over against the party primarily liable for the negligence has been established so long that it is not now qziestioned’ the leading authority in support of this rule being a decision of the United States Supreme Court, . which has been approved or followed in numerous cases. Or as otherwise expressed: ‘When a municipal corporation has been compelled to pay damages for a wrongful act perpetrated by such abutting ozmer, it may sue him for indemnity, being subrogated to the cause of action, which the injured party originally had against him. The primary liability in such a case rested upon the abutting owner who created the dangerous condition through which the injury resulted”
See also Volume 63 C.J.S. Verbo Municipal Corporations § 870, page 249.
We detect no merit in the argument of learned counsel for plaintiff that the obligations of defendants herein is in solido on the theory that said defendants are co-tort-feasors. To characterize wrongdoers as joint tort-feasors the negligence of each must combine to cause the injury of which the plaintiff complains. In the case at bar the hereinabove quoted paragraphs of plaintiff’s petition (which must be accepted as true for purposes of the present discussion) clearly show that the defective condition complained of resulted solely by virtue of certain overt acts of defendant property owner. The only negligency charged to defendant municipality is its al *132 leged omission or failure to repair the dangerous defect reputedly occasioned by the conduct of the owner of the property adjacent to.the sidewalk. In the case at bar, but for the action of defendant property owner, the liability of defendant municipality would not have arisen. Had not defendant property owner created the alleged nuisance which caused the injury no obligation would have arisen on the part of defendant municipality to repair the sidewalk. Under such circumstances we hold with the weight of authority that defendant property owner having initiated the cause of plaintiff’s injury is primarily responsible in damages to plaintiff and that the obligation of defendant municipality while concurrent with that of the property owner is secondary thereto. See Brown v. Town of Louisburg, 1900, 126 N.C. 701, 36 S.E. 166, 78 Am.St.Rep. 677; Hillyer v. City of East Cleveland, 1951, 155 Ohio St. 552, 99 N.E. 2d 772.
We will next take up the other complaint of the plaintiff appellant, namely, that the lower court erred in holding that the release of a party primarily liable releases one secondarily liable, notwithstanding reservation of rights by the party granting the release. The plaintiff appellant’s contention is that the negligence charged to the abutting property owner and to the City-Parish is not the same act of negligence but is in fact composed of separate and distinct incidences or acts of negligence either of commission or omission charged to each of the defendants and a judgment against the several defendants jointly and in solido is prayed for. The acts of negligence complained of by the plaintiff appellant are fully set forth in Articles 6, 7, and 8 of his petition which are hereinabove quoted in this Opinion. Plaintiff contends that there was a joint breach of duty by the defendants, Vicaro, the abutting property owner, and the City-Parish Government. The plaintiff appellant’s contention is that it is one of joint and solidary liability for separate and distinct acts of negligence and further argues that release of one alleged joint-tort-feasor does not release the remaining alleged joint-tort-feasors as the release contained a reservation of rights against the remaining tort-feasors. Under the jurisprudence of this state the release of one co-debtor in solido releases all other parties solidarily liable with him unless reservation of rights against the said remaining solida-ry obligor be especially reserved in the release.
Generally the remission of conventional discharge in favor of one of the co-debtors in solido discharges all others unless the creditor has expressly reserved the right against the latter and the rule applies to obligations ex delicto as well as obligations ex contractu. Evans v. Walker, La. App., Ill So.2d 885. See also Recile v. Southern United Ice Company, 17 La.App. 611, 136 So. 769.
However with regard to obligors primarily and secondarily liable, release of the party primarily liable also releases the secondary obligor notwithstanding any attempted reservation of rights against the latter. The reason for the rule that the release of a party primarily liable also releases his secondary obligor irrespective of an attempted reservation of rights against the party secondarily liable is that if the rule were otherwise the party only secondarily liable would be responsible in damages without having recourse against the person primarily responsible. See Volume 76 C.J. S. Verbo Release § 50, p. 689.
In the recent case of Williams v. Marionneaux, La.App., 116 So.2d 57 (affirmed by the Supreme Court 240 La. 713, 124 So.2d 919), this court held:
“Following this line of argument, we therefore see that if the plaintiff Williams should take judgment in these proceedings against Marionneaux and his insurer, then Marionneaux would be entitled to judgment over against Blanchard and his insurance carrier, and Blanchard and his insurance carrier would be entitled to judgment over *133 against the plaintiff, Williams, under the indemnification and hold harmless agreement which is contained in the act of release. As counsel for defendants have aptly put it, ‘We would have an endless circle of legal futility.’
“In addition to the above argument that allowing plaintiff to proceed with this suit would only result in an endless circle of legal futility, we find many authorities holding that release of the primary obligor also discharges the secondary obligor because this result is inescapable under the laws of subrogation. It is elementary that where the claimant sues only the party secondarily liable and obtains judgment, the party secondarily liable is then subrogated to the rights of the claimant and legally stands in his shoes. He has all of the rights, but is also subject to all of the limitations of the subrogor. See 83 C.J.S. Verbo Subrogation §§ 9, 10, 14, pp. 604-612. See also Stevens v. Mitchell, Sup.Ct.1958, 234 La. 977, 102 So.2d 237. Therefore, if the claimant has fully released the tort-feasor the claimant’s subrogee is also bound by this release. Where the claimant’s sub-rogee is the secondary obligor attempting to obtain judgment over against the party primarily liable, the secondary obligor would then be cut off from his rights to indemnification by a contract of release to which he was not a party but by which he is denied his legal rights. This result would obviously deny secondary obligors their legal right to recovery over against the primary obligors.
“Some of the many authorities supporting this conclusion are:
“(1) 76 C.J.S. Release § 50, p. 689.
“ ‘In a situation where * * * one person commits the tort and is primarily liable while the liability of the other person is derivative or secondary as where it arises under the doctrine of respondeat superior, the releasor’s acceptance of satisfaction from one, discharges the other as well, as in the case of master and servant or principal and agent; and it has been held that this is true despite an attempted reservation of rights against the person secondarily liable, since if the rule were otherwise, such person would be liable without having recourse against the person primarily liable * * *.’
“(2) Ford Motor Co. v. Tomlinson, 6 Cir., 1956, 229 F.2d 873, 877.
“ * * the release of a tort feasor primarily liable ordinarily operates to release one secondarily liable, regardless of an attempt to reserve rights against the latter.’ (229 F.2d at page 877).
“(3) Hillyer v. City of East Cleveland, 1951, 155 Ohio St. 552, 99 N.E.2d 772, 773.
“ T. Where a person has a valid claim against an abutting property owner for actively or negligently creating and maintaining a nuisance upon a public sidewalk, and likewise has a claim against a municipality for the same nuisance under Section 3714, General Code, the two liabilities are not joint, the abutting property owner being primarily liable and the municipality secondarily so. Under such circum-stcmces a complete settlement of the claim against the abutting owner by the claimant is a bar to am action against the municipality even though the settlement recites that the amount received thereunder is not full compensation and a right is reserved to bring an action against the municipality. * * * >
“(4) Terry v. Memphis Stone & Gravel Co., 6 Cir., 1955, 222 F.2d 652, 653.
“ ‘ * * * Inasmuch as the liability alleged against the appellee company rested solely upon the averment that the truck driver was the servant or *134 agent of the appellee company for whose negligence it would be responsible upon the principle of respondeat superior, a covenant not to sue the truck owner and the driver — appellee’s alleged agents — would necessarily release appellee. The case is clearly distinguishable from those cases in which a covenant not to sue one joint tort-feas- or does not protect another joint tort-feasor from an action for damages brought against it by an injured party.’
“(5) Hillyer v. City of East Cleveland, 155 Ohio St. 552, 99 N.E.2d 772, 776.
“ Tt has long been the law of this state that in a situation where a city is liable to a person for failure to keep its highways or sidewalks open, in repair and free from nuisance, under Section 3714, General Code, and an abutting owner is also liable for active negligence in creating the nuisance for which the city is liable, the owner and the city are not joint tort-feasors, but in such a case the one who actively creates the nuisance is primarily liable and the city only secondarily so. City of Zanesville v. Fannan, 53 Ohio St. 605, 42 N.E. 703, 53 Am.St.Rep. 664; Morris v. Woodburn, 57 Ohio St. 330, 48 N.E. 1097; and Bello v. City of Cleveland, 106 Ohio St. 94, 138 N.E. 526.
“ ‘It follows that under such circumstance if the city is sued and compelled to respond in damages it is subrogated to the injured party’s right against the one primarily liable, i. e., the city has the claim of the one injured against the primary liable tort-feasor. Its right is derived from the injured party and if the injured party has destroyed his right against the one primarily liable he carmot thereafter pursue the city in its capacity as a party secondarily liable because the latter has been cut off from its remedy against the one primarily liable by the action of the injured party. Herron v. City of Youngstown [136 Ohio St. 190, 24 N.E.2d 708], supra; Bello v. City of Cleveland, supra.’ ”
We are satisfied that plaintiff’s compromise settlement and release of the claim against the abutting property owner also had the effect of releasing the City of Baton Rouge and the Parish of East Baton Rouge notwithstanding the attempted reservation of rights.
For these reasons it is ordered that the judgment of the lower court be affirmed.
Affirmed.