RAÚL MARÍN, Plaintiff and Appellee, *v.* GOVERNMENT OF THE CAPITAL OF PUERTO RICO, JIMÉNEZ & FERNÁNDEZ, SUCRS., and PORTO RICAN AMERICAN INS. CO., INC., Defendants and the last two Appellants.

No. 366.        Decided November 26, 1963.

*Héctor Martínez Muñoz* and *José Enrique Otero* for appellants. *Gustavo Wiscovitch* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Dávila, and Mr. Justice Ramírez Bages.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

The accident which gave rise to this case occurred on a sidewalk at Fernández Juncos Avenue, near Stop 18, in front of the building where the offices of defendant Jiménez & Fernández, Sucrs., are located. Plaintiff had his offices in a nearby building and customarily passed by that sidewalk. The trial court stated in its findings of fact that "the sidewalk in front of said entrance was sloped toward the street and on the outside part of the latter there were *some small holes and off-levels*. Said situation was known to plaintiff, as he testified, because previously he had met there with difficulties of which he had not complained. As plaintiff stated 'he knew the place well and the condition of the sidewalk since he constantly passed by there.' " (Italics ours.) Actually, the photographs of the place clearly show that the existing off-level was slight.

Thus, the trial judge concluded "that the hole or depression in the sidewalk with which plaintiff stumbled causing his fall and injuries was not of such nature as to show, by itself, negligence on the part of the Government of the Capital in the maintenance of said sidewalk."

Notwithstanding the previous finding, the trial court concluded, after exonerating the municipal government, that the other defendant Jiménez & Fernández, Sucrs., was liable because "the place in the sidewalk where the accident occurred was one of the entrances which said defendant had and used for its vehicles" and "for this reason it was compelled to keep and maintain said entrance, part of the public sidewalk, in safe condition for the pedestrians."

We should consider in the first place whether the owner of a building adjacent to a public sidewalk who uses it as a special access for the vehicles of his business is liable for repairing the defects which the use and other elements may cause. After establishing said obligation, we shall decide whether the specific defect was of such nature that the failure to repair it makes the owner of the building liable for the damages suffered by defendant.

■ In *Ramos* v. *Carlo*, 85 P.R.R. 337 (1962), we laid down the ruling that he is liable. We said there: "To uphold the judgment in its legal reasoning would be tantamount to laying down the rule that an adjoining property owner or any neighbor, in disregard of his general duty of correctness toward the other citizens, as Barassi would say, may create dangerous conditions on sidewalks without being civilly liable, imposing on the pedestrian using them the duty to be constantly on the lookout for his safety." The dangerous condition may consist, as in the case of *Carlo*, of objects or artifacts which are left on the sidewalk or of dangerous defects which are formed in that section of the sidewalk especially used by the property owner. A common example of the special use is the alteration of the sidewalk to make it easy for the entrance of vehicles. *Granucci* v. *Claasen*, 269 Pac. 437 (Cal. 1928); *Peters* v. *City and County of San Francisco*, 250 P.2d 675 (Cal. 1952). The obligation of the owners of the buildings bordering the sidewalk to repair them when they are used for a special purpose has been upheld. 2 Antieau, Municipal Corporation Law 98.41, § 11.20 (1962 ed.); *McFerrin* v. *Crescent Amusement Co.*, 364 S.W.2d 102 (Tenn. 1963); *Herron* v. *City of Youngstown*, 24 N.E.2d 708 (Ohio 1940). This obligation rests "upon the principle that such special use by the abutting owner carries the obligation of preventing unsafe or dangerous conditions from developing as a result thereof." *Lee* v. *City of Baton Rouge*, 141 So.2d 125 (La. 1962). And since the person who by negligent act

or omission causes damage to another will be liable for the damage caused, § 1802 of the Civil Code, 31 L.P.R.A. § 5141, the liability of the owner of the adjoining building who does not repair the sidewalk which he himself has altered is manifest.

The foregoing having been established, we must now consider whether codefendant herein Jiménez & Fernández, Sucrs., was negligent in not repairing the defect in the sidewalk.

■ In *Davidson v. H. I. Hettinger & Co.*, 62 P.R.R. 286 (1943), we established the liability of the municipal government in connection with accidents caused through the negligence of its officers and employees in the maintenance of the sidewalks. We stated therein that "Whether a sidewalk is in a condition of reasonable security or not is a question of fact to be decided by the court in accordance with the testimony. And in determining that question in a case like the instant case, there should be taken into consideration, among others, the following circumstances: the width, length, and depth of the hole; the width of the sidewalk; whether the street is one on which many people walk; whether the hole is of such a nature that it is not clearly visible to pedestrians walking with the aforesaid reasonable care."

■ In view of these rulings, the trial court invoked *Hettinger's* opinion in entering judgment, as we said, relieving the Government of the Capital from liability. It considered that the government did not act with negligence in not repairing the defect in the sidewalk. Its conclusion was correct in this respect. The defect which caused plaintiff's fall, as it is shown by the photos presented in evidence, consisted of a small depression. It is generally accepted as stated in *White v. City of Alexandria*, 43 So.2d 618 (La. 1949), that: "Defects in sidewalks that are not in the nature of traps, or from which danger cannot reasonably be anticipated,

provide no actionable negligence. Such ways of passage are intended for public use, of course, and a pedestrian is entitled to assume that they are not dangerous. Further, he is not required to constantly observe the surface of the walk or to exercise the care that would be necessary in traversing a jungle. However, he cannot be completely oblivious of its condition; he must exercise ordinary care when using it, having in mind the well recognized fact that throughout every city of any size in this state there exist irregularities in the walkways brought about by natural causes such as rains, expansion, soil erosion and tree roots.

■ "For determining what is a dangerous defect in a sidewalk (that which renders the municipality responsible in damages to a pedestrian injured as a consequence thereof) there is no fixed rule; the facts and surrounding circumstances of each particular case control. The test usually applied, however, requires an answer to the question of whether or not the walk was maintained in a reasonable safe condition for persons exercising ordinary care and prudence." See, also, Antieau, *op. cit.* at p. 98.23, § 11.20; *City of Cleveland* v. *Treadgill*, 148 So.2d 670 (Miss. 1963); Annotation, *Sidewalk Defect—Question for Jury*, 37 A.L.R.2d 1187, 1192 (1954); *Oliver* v. *Municipality of Bayamón, ante,* p. 432.

■ It might be arbitrary to excuse the municipal government from responsibility in the light of the aforestated criteria and to impose it on the owners of buildings adjoining sidewalks on the basis of different and more strict rules. Certainly, if the government was not responsible in this case, as it was correctly decided by the trial court, neither was the other defendant since the defect in the sidewalk was one which reasonably did not require that a dangerous situation be anticipated for pedestrians. Furthermore, the evidence showed that defendant Jiménez & Fernández, although it originally altered the surface of the sidewalk to expedite

access to its dependencies, yet, it is nonetheless true that it had been a long time since it had not used the aforesaid entrance for its particular need. It should be remembered that it was established that plaintiff knew about the defect, since his offices were located in that neighborhood and he knew the place in the sidewalk fairly well because he constantly passed by there.

There is another circumstance on which the trial judge made no finding but which plaintiff himself clearly established. When the accident occurred plaintiff was carrying a drill in his left hand and at the very moment he stumbled, he put his right hand in one of his pant's pockets to take out his car keys. Obviously, in those conditions it was difficult for him to keep his balance to remain erect in case he should stumble. It is reasonable to conclude that the cause of the accident, considering this fact, was not the defect in the sidewalk, which as we have seen was small, but the fact that at that very moment plaintiff could not keep his balance. This being so, the finding which made Jiménez & Fernández, Sucrs., liable for the accident suffered by plaintiff was erroneous.

The judgment rendered by the Superior Court, San Juan Part, on June 24, 1960 will be reversed.